Shortle *et al.* *v.* The Louisville, New Albany and Chicago Railway Co.

No. 15,621.

SHORTLE ET AL. *v.* THE LOUISVILLE, NEW ALBANY AND
CHICAGO RAILWAY COMPANY.

LIMITATION OF ACTIONS.— *Eminent Domain.— Condemnation for Railroad
Right of Way.—Recovery of Damages.—Statute Applicable.*—In a proceeding
under sections 905–912, R. S. 1881, against a railroad company to re-
cover damages occasioned by the appropriation of land taken for a
right of way, section 292, R. S. 1881, limiting actions for injuries to
real property to six years does not apply. Under section 294, R. S.
1881, such a proceeding must be commenced within fifteen years after
the cause of action accrues.

From the Tippecanoe Circuit Court.

*J. V. Kent,* for appellants.

*E. C. Field* and *J. F. McHugh,* for appellee.

COFFEY, J.—On the 4th day of June, 1888, the appellants
filed their complaint in the Clinton Circuit Court, praying
that their damages, occasioned by the appropriation of cer-
tain described land taken for a right of way for railroad
purposes, might be assessed under the provisions of sections
905–912, R. S. 1881.

It appears from the complaint that Samuel C. Shortle died
the owner of the land described in the complaint, on the
19th day of January, 1866, leaving his widow, Elizabeth
Shortle, and the appellants, his children and grandchildren,
as his only heirs at law ; that he left a will, which has been
duly probated, by the terms of which he devised the land to
his widow during her natural life ; and that she took posses-
sion of said land and occupied the same until her death,
which occurred in the year 1888. In the year 1880, the In-
dianapolis, Delphi and Chicago Railroad Company took pos-
session of the strip of land described in the complaint, as a
right of way, and graded the same, put down its railroad
track, and the same has ever since been used for that pur-
pose. The same was taken without the consent of the ap-
pellants, and without the assessment or the payment of the

damages occasioned thereby.   The appellee is the successor of the Indianapolis, Delphi and Chicago Railroad Company, and is now in the possession and use of the land, operating its railroad thereon.   The complaint prays for a writ for the assessment of the damages occasioned by the appropriation of the right of way mentioned therein, and the construction and operation of the railroad over the land.

The appellee answered the six years' statute of limitations, to which the court overruled a demurrer.

The sole question presented for our decision relates to the correctness of the ruling of the circuit court upon this demurrer.

If the rights of the appellants are barred by the six years' statute, the judgment below should be affirmed; otherwise it should be reversed.

It is not claimed that any provision of the statute under which this proceeding is had limits the time within which it shall be instituted; but the claim of the appellee is, that an entry upon land for the purpose of constructing a railroad, without the consent of the owner of such land, and without the assessment and tender of the damages occasioned thereby, is a trespass, an injury to property, the right to sue for which is barred by the provisions of section 292, R. S. 1881. This section provides that actions for injuries to property, damages for the detention thereof and for the recovery of the possession of personal property shall be commenced within six years after the cause of action accrues.

In the case of *Midland R. W. Co.* v. *Smith*, 125 Ind. 509, which was a proceeding similar to the one involved here, the question as to whether the six years' statute of limitations or the fifteen years' statute was applicable, was argued by counsel, but it was found not necessary to decide the question, for the reason that the cause of action did not accrue six years prior to the commencement of the suit.

In the case of *Strickler* v. *Midland R. W. Co.*, 125 Ind. 412, it was held that the appellant had the right to sue for

trespass or to pursue the statutory remedy, as he might elect, but, inasmuch as he brought his action for trespass, his right to recover was barred by the six years' statute of limitations. See, also, *Porter* v. *Midland R. W. Co.*, 125 Ind. 476.

The question in this case is squarely presented as to whether the same statute is to be applied to the statutory proceeding now under consideration.

In the case of *Forster* v. *Cumberland Valley R. R. Co.*, 23 Pa. St. 371, it was held, following the case of *Union Canal Co.* v. *Woodside*, 11 Pa. St. 176, that an application for a writ to assess damages under statutory provisions somewhat similar to the provisions in our statute was in substance an action of trespass, to which a statute of limitations upon the subject of trespass applied ; but this case was greatly modified by the later case of *Delaware, etc., R. R. Co.* v. *Burson*, 61 Pa. St. 369.

In the latter case, after quoting the statute limiting actions for trespass to six years, the court said : " I think it is not susceptible of doubt that the Legislature meant only to limit suits and actions known to common law proceedings or forms of action. The case we are considering is a statutory proceeding exclusively, although common law forms may be used in the process of the pleadings on appeal. * * * The defendant has no right to complain of delay as a reason for invoking the statute ; the company might and ought to have proceeded and had the damages assessed and paid them, if it did not intend that the plaintiff's intestate might take her time to test the damage, inconvenience or otherwise, that the road would be to her property before proceeding."

The writ provided for by our statute is not confined to cases of trespass, but applies also to cases where land has been taken for the construction of a railroad under an implied parol license ; and where a railroad company enters upon land, and constructs its road without objection from the owner, the law implies a license. While it is true that the owner may maintain an action of trespass against a railroad

company for entering upon his land without his consent, he can not, in such action, recover for the value of the land appropriated, nor does such action vest title to the land in the company. *Anderson, etc., R. R. Co.* v. *Kernodle,* 54 Ind. 314.

The proceeding, therefore, now under consideration, involves the recovery of damages that could not be recovered in an ordinary action of trespass, and is something more than that action.

For these reasons our conclusion is that the statute limiting actions of trespass does not apply to this, which is purely a statutory proceeding.

As there is no other statute limiting the time within which proceedings of this kind shall be commenced, it is governed by section 294, R. S. 1881, which limits the time to fifteen years.

It follows from what we have said that the court erred in holding that this proceeding was barred by the six years' statute of limitations.

Judgment reversed, with directions to the circuit court to sustain the demurrer of the appellants to the answers of the appellee.

Filed March 12, 1892.