Shortle *et al. v.* The Terre Haute and Indianapolis Railroad Company.

No. 15,622.

SHORTLE ET AL. *v.* THE TERRE HAUTE AND INDIANAPOLIS
RAILROAD COMPANY.

RAILROAD.—*Construction of.—Writ to Assess Damages.—Statute of Limitations.*
—A petition for a writ to assess the damages occasioned by the construc-
tion of a railroad over the petitioners' lands, under the provisions of
sections 905–912, R. S. 1881, is barred by the fifteen years' statute of
limitations.

SAME.—*Remainderman May Apply for Writ.—Intervening Life-Estate.—Stat-
ute of Limitations.*—A remainderman is entitled to apply for the writ,
and the intervening life-estate is no barrier to the exercise of the right
to have his damages assessed. The fact that there is an intervening
life-estate will not prevent the statute of limitations from running.

SAME.—*Conveyance of Right of Way.—Answer.*—An answer to such a peti-
tion which pleaded in bar to the entire application that some of the
petitioners had conveyed the right of way, is bad on demurrer. The
fact that some of the petitioners had conveyed the right of way is no
bar to the right of those who had not done so, to have their damages
assessed.

SAME.—*Right of Way.—Agreement to Fence.—Answer.*—An answer to such
a petition is bad which averred entry upon and occupancy of the right
of way in controversy with the consent of the petitioner, and an
agreement on the part of the petitioners to convey such right of way,
in consideration of the railroad company's agreement to fence the same,
and compliance by the railroad company on its part. The duty to
fence the road was a duty imposed upon the railroad company by law,
and a promise to perform that duty was no consideration for an agree-
ment on the part of the petitioners.

From the Tippecanoe Circuit Court.

*J. V. Kent,* for appellants.

*J. T. McHugh,* for appellee.

COFFEY, J.—This was a petition by the appellants for a
writ to assess the damages, occasioned by the construction of
a railroad over their lands, under the provisions of section
905 to 912, R. S. 1881.

The appellee answered:

*Second.* Six years' statute of limitations.

*Third.* Fifteen years' statute of limitations.

*Fourth.* Conveyance of the right of way by part of the appellants.

*Fifth.* Entry upon and occupancy of the right of way in controversy with the consent of the appellants and an agreement on the part of the appellants to convey such right of way in consideration of appellee's agreement to fence the same, averring compliance by the appellee on its part.

The court overruled a demurrer to these several answers, and thereupon the appellants replied to the second and third paragraphs that there was an intervening life-estate on the land at the time the appellee and its predecessors entered, and that the period fixed by the statute of limitations had not elapsed since the termination of such life-estate. To this reply the court sustained a demurrer, and the appellee had judgment for costs.

The assignment of errors calls in question the rulings of the court in overruling a demurrer to the several answers above referred to, and in sustaining a demurrer to the reply filed by the appellants to second and third paragraphs of such answer.

This application was not barred by the six years' statute of limitations, and the court, therefore, erred in overruling the demurrer of the appellants to the second paragraph of the appellee's answer. *Shortle v. Louisville, etc., R. W. Co.,* 130 Ind. 505.

That there is a broad distinction between an application of the kind we are now considering and an ordinary action of trespass is almost too plain for argument.

At the termination of an action of trespass the title to the land is left where it was when the action was commenced.

In an action of trespass the owner does not recover the value of the land appropriated, for the reason that he still retains it.

In an action of this kind, where a writ issues to assess the damages, the title to the land appropriated is transferred to

the railroad company and the owner recovers its value. The distinction between the two classes of cases is fairly illustrated in the case of *McClinton* v. *Pittsburgh, etc., R. W. Co.*, 66 Pa. St. 404, in which the court said : " The petition, when properly used, is not for the recovery of past damages under an unlawful entry, but for compensation for a right to be invested in the company. Though the latter is often denominated damages, its subject is essentially different from the former. It is called damages only in the sense of an unliquidated demand, but in its nature it is the price of a purchased privilege."

The court did not err in overruling the demurrer to third paragraph of the answer. This proceeding is limited by the fifteen years' statute of limitations. There is no other statute by which it can be limited. *Shortle* v. *Louisville, etc., R. W. Co., supra.* Section 3953, R. S. 1881, does purport to be a statute of limitation, and does not, in our opinion, have any application to the question now under consideration.

The court erred, we think, in overruling a demurrer to the fourth paragraph of the answer. It is pleaded as a bar to the entire application. The fact that some of the appellants have conveyed the right of way is no bar to the right of those who have not done so to have their damages assessed.

An answer which is plead in bar of the whole action and bars only a part is bad on demurrer. *Pouder* v. *Tate,* 76 Ind. 1; *Falmouth, etc., T. P. Co.* v. *Shawhan,* 107 Ind. 47; *Reid* v. *Houston,* 55 Ind. 173.

The court erred also, we think, in overruling a demurrer to the fifth paragraph of the answer. The facts therein set forth fall far short of constituting an estoppel against the appellants. It furthermore appears upon the face of the answer that the promise of the appellants to convey the right of way was without consideration. The duty to fence its

road was a duty imposed upon the appellee by law, and a promise to perform that duty was no consideration for an agreement on the part of the appellants. *Ford* v. *Garner,* 15 Ind. 298; *Reynolds* v. *Nugent,* 25 Ind. 328; *Ritenour* v. *Mathews,* 42 Ind. 7; *Fensler* v. *Prather,* 43 Ind. 119; *Smith* v. *Boruff,* 75 Ind. 412.

The reply filed by the appellants was wholly insufficient to avoid the statute of limitations. The authorities cited by the appellants have no application here. They apply, ordinarily, to possessory actions. Under the facts disclosed by the pleadings in this case the appellants could not maintain an action of ejectment.

Section 287, R. S. 1881, provides that "A person seized of an estate in remainder or reversion may maintain an action for waste or trespass, for injury to the inheritance, notwithstanding an intervening estate for life or years." While section 909, under which this proceeding was instituted, provides that "Any person having an interest in any land which has been or may be taken for any such public work, may have the benefit of this writ upon his own application, as above provided, upon which like proceedings shall be had as in case of applications made by the corporation, company, or person prosecuting the work."

It will thus be seen that by express statutory provision the intervening life-estate in nowise interfered with the right of the appellants to the writ which they now seek. So far as we have been able to ascertain, the authorities agree that the remainder man is entitled to the remedy which the appellants in this case are invoking, and the intervening life estate is no barrier to the exercise of the right to have his damages assessed. *Burbridge* v. *New Albany, etc., R. R. Co.,* 9 Ind. 546; Pierce R. R., p. 185; *Toledo, etc., R. W. Co.* v. *Dunlap,* 5 Am. & Eng. R. Cases, 378, 389n; Lawson Rights, Rem. and Prac., section 3890.

In our opinion the court did not err in sustaining the demurrer to the reply filed by the appellants.

Judgment reversed, with directions to sustain the demurrer of the appellants to the second, fourth and fifth paragraphs of the answer of the appellee.

Filed April 21, 1892.