## GARDNER v. GARDNER.

[No. 3,834. Filed June 25, 1902.]

HUSBAND AND WIFE.—*Use of Wife's House for Dwelling.*—*Payment of Rent.*—Where a husband and wife live together as a common family in the wife's dwelling-house, no implied agreement will arise to make the husband the tenant of the wife and require him to pay her rent.

From Noble Circuit Court; *J. W. Adair,* Judge.

Action by Mary Gardner against William G. Gardner to quiet title. From a judgment for plaintiff, defendant appeals. *Reversed.*

*W. H. Wigton* and *H. G. Zimmerman,* for appellant.

HENLEY, P. J.—This was an action by appellee against appellant in two paragraphs of complaint, the first para-

graph being a simple action to quiet title to a certain lot in the town of Ligonier. The second paragraph, in addition to asking that the title be quieted to the lot, asked that a certain deed of conveyance by which the lot had been conveyed to appellee be reformed. Appellant filed a cross-complaint in two paragraphs. By the first paragraph appellant sought to recover upon a purchase-money note given for the said lot; by the second paragraph of cross-complaint he sought to recover the sum of $578.39, that being the amount of money paid out by him for material and work done and performed for appellee in erecting a building upon the lot in controversy. The trial court sustained appellee's demurrer to the second paragraph of cross-complaint. The appellant answered the complaint by general denial. Appellee answered the first paragraph of appellant's cross-complaint by six paragraphs of answer.

Passing over the various contentions of counsel for appellant in regard to the sufficiency of the complaint and the second paragraph of the cross-complaint, the ruling of the trial court in respect to which we regard as correct, we come to the fifth paragraph of answer to the first paragraph of appellant's cross-complaint. This paragraph the trial court held good. The answer was as follows: "And for fifth answer herein to defendant's first paragraph of cross-complaint, and by way of set-off thereto, plaintiff says that defendant is her husband; that they have been married more than ten years; that during all said time, except for the period of eleven months, defendant, although he owned houses and lots of his own, has persisted in renting his houses and living in her property over her objection and without her consent; that she demanded rent and an accounting before the bringing of this suit; and that at and before the time of the filing of said cross-complaint herein, the said defendant William G. Gardner was and still is indebted to her in the sum of $1,036 on account for the use and rental of her dwelling-house, used and occu-

pied by said defendant as a house to live in as aforesaid, a bill of particulars of which is filed herewith, marked exhibit A, and made part of this paragraph of set-off; that said sum is due and wholly unpaid, and she offers to set off so much thereof as shall be equal to such amount as may be found due said defendant, if any, on said cross-complaint, and she demands judgment for the residue in the sum of $1,000 and all proper relief."

It seems to be the settled law in this State that where there is no express agreement that the husband shall pay the wife rent for their dwelling-house owned by her, where they live together as a common family, no implied, agreement as between husband and wife will arise to make the husband the tenant of his wife. *Stout* v. *Perry,* 70 Ind. 501; *Davis* v. *Watts,* 90 Ind. 372. To hold the husband liable to his wife for rent of her property occupied by them as a common habitation, as man and wife, would be clearly against public policy, and tend to mar the peace and harmony of the marital relation. The answer wholly fails to show that the relation of landlord and tenant ever existed between appellant and appellee. It was therefore clearly bad, and appellant's demurrer thereto ought to have been sustained.

Judgment reversed, with instructions to the trial court to sustain appellant's demurrer to the fifth paragraph of appellee's answer.