## BOWERS *v.* ALEXANDRIA BANK, ADMINISTRATOR.

[No. 10,745.   Filed April 19, 1921.]

1.   GIFTS.—*Promissory Note.—Enforceability.—Consideration.*— A promissory note given for the purpose of making a gift or a donation to the payee, if based upon no other consideration, cannot be enforced by the payee against the maker or his estate.   p. 349.

2.   CONTRACTS.—*Consideration.—Performance of Legal Duty.*— A promise made by one person to another to induce the latter to perform an act which he is already bound in law to perform, is without consideration.   p. 349.

3.   HUSBAND AND WIFE.—*Promissory Note Given by Husband to Wife.— Consideration.— Sufficiency.— Performance of Marital*

*Duties.*—Where a husband executes a promissory note or promises to pay his wife to resume the performance of her marital duties, or to continue their performance upon her threat to abandon the same, the note or promise is without consideration and cannot be enforced against the husband or his estate, unless at the time the note was executed or promise made she was absolved from the discharge of her marital duties by reason of the misconduct of the husband. p. 349.

From Madison Circuit Court; *Luther F. Pence,* Judge.

Action by Lucinda A. Bowers on a claim against the estate of James E. Bowers, deceased, of which the Alexandria Bank was administrator with the will annexed. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Bagot & Free,* for appellant.
*James A. May,* for appellee.

BATMAN, J.—Appellant filed a claim against the estate of appellee's decedent, based on a promissory note. The claim was not allowed, and, pursuant to the provisions of the statute, it was transferred to the issue docket. In due course it was submitted to the court for trial, without an answer having been filed. On request the court made a special finding of facts and stated its conclusions of law thereon. The substance of so much of said special finding of facts, as is necessary to an understanding of the question submitted for our determination, is as follows: Appellant and said decedent were married on September 18, 1909, and lived together as husband and wife until the death of the decedent on June 17, 1917. Each of the parties had been previously married, and each had children living by such former marriage. At the time of their said marriage each owned separate estates, consisting of real and personal property, the estate of appellant being much greater than that of said decedent. Prior to their said mar-

riage they entered into an antenuptial contract in which they agreed, among other things, that each waived, renounced and relinquished, all right, title, interest and claim in and to the real estate and personal property of the other, and agreed that the real and personal property which each might own at their respective deaths should descend to their respective heirs, free from any interest of the other. Said contract remained in full force and effect from the date of its execution. After their marriage they did not get along together harmoniously as husband and wife. Appellant was dissatisfied in her marriage relations with the decedent, and discussed with him the subject of leaving, and no longer living with him as his wife. For the purpose of inducing appellant "to live with him and perform her marital duties as his wife, in his home and household," and for no other or different consideration whatsoever, the decedent, on September 10, 1912, executed to appellant the following instrument in writing:

"$1500.00     Alexandria, Indiana, September 10th, 1912.

At my death I promise to pay to Lucinda A. Bowers or order Fifteen Hundred Dollars, without interest, Value received, without any relief from valuation or appraisement laws, with Attorney's fees. In the event of a separation between me and said Lucinda A. Bowers so that we should no longer live together as husband and wife, then at the time of such separation I promise to pay her $200.00 per year for each and every year we lived together as husband and wife from the date of our marriage to the time of such separation, with no interest, but not to exceed said sum of $1500.00, on the payment of which this note shall become and be void. All sums hereunder agreed to be paid, to be paid without relief from valuation or appraisement laws, with attorney's fees. It being understood that in no event

shall the liability hereunder exceed said principal sum of $1500.00. The consideration for this note being the work and service rendered me by said Lucinda A. Bowers.

*JAMES E. BOWERS.*"

After the execution of said instrument, appellant continued to live with decedent as his wife, and performed her household duties as his wife in his home and household to the time of his death, but did no other or different work for him, "and performed no duty or service for him, except her household work in decedent's home, for and in consideration of the execution of the instrument set out in this finding." Appellant has been the holder and owner of said instrument ever since its execution, and no amount has been paid thereon. Subsequently, on September 19, 1914, the decedent duly executed his last will and testament, which contains among others the following provision:

"*Item I.* I make no provision in this will in favor of my wife, Lucinda A. Bowers, for the reason that prior to our marriage we entered into a written antenuptial contract by the terms of which she was to take no interest in my estate and I was to take no interest in her estate. And for the further reason that subsequent to our marriage I obligated myself to pay her Two Hundred Dollars per year, so long as she remained with me as my wife, or Fifteen Hundred Dollars in all if she remains with me as my wife to my death."

Said will was duly admitted to probate in the Madison Circuit Court, on June 22, 1917, and since said date, said will and the probate thereof has been in full force and effect. The court stated as its conclusions of law on the facts so found, that appellant take nothing by reason of her said claim, and that appellee recover his costs. Judgment was rendered against appellant ac-

cordingly, and she now prosecutes this appeal on an assignment of errors which challenges each of the conclusions of law so stated.

It is well settled that a promissory note given for the purpose of making a donation or a gift to the payee, if based upon no other consideration, cannot be enforced by the payee against the maker or his estate. *West* v. *Cavins* (1881), 74 Ind. 265; *Gammon, etc.* v. *Robbins* (1891), 128 Ind. 85, 27 N. E. 341, 12 L. R. A. 506; *McCullough, Admr.,* v. *Martin* (1895), 12 Ind. App. 165, 39 N. E. 905; *Bundrant* v. *Boyce* (1910), 47 Ind. App. 253, 91 N. E. 968, 92 N. E. 126; *Abelman* v. *Haehnel* (1914), 57 Ind. App. 15, 103 N. E. 869. It follows that if the instrument, which forms the basis of appellant's claim, is enforceable, it must be founded upon a valid consideration. It is well settled, that a promise made by one person to another to induce the latter to perform an act which he is already bound in law to perform, is without consideration. *Reynolds* v. *Nugent* (1865), 25 Ind. 328; *Ritenour* v. *Mathews* (1873), 42 Ind. 7; *Shortle* v. *Terre Haute, etc., R. Co.* (1892), 131 Ind. 338, 30 N. E. 1084; *Spencer* v. *McLean* (1898), 20 Ind. App. 626, 50 N. E. 769, 67 Am. St. 271. This rule, as a general principle, is applicable where a husband promises to pay his wife to resume the performance of her marital duties, where she has abandoned the same, or to continue their performance, where she is threatening such abandonment. This court made a correct statement of this general rule, as it relates to such a promise, where such abandonment, or threatened abandonment on the part of a wife, is without sufficient cause, in the case of *Roche* v. *Union Trust Co.* (1899), (Ind. App.) 52 N. E. 612, wherein it was said: "It must be conceded that, if the contract between appellant and her husband related to services per-

formed by her in the discharge of her household duties, and the duties incumbent upon her to perform by reason of her marital relations, then there would be no consideration to support the contract. The law imposes upon her the discharge of such duties, and a contract between them, whereby he was to pay her for such services, would be without consideration, and could not be upheld, as being void and against public policy." This opinion, however, was not officially reported, as a rehearing was granted on a petition which did not challenge the correctness of the above statement, and as the judgment of the trial court was thereafter affirmed by agreement of the parties no other opinion was written. The following cases support the rule stated, as a general principle. *Michigan Trust Co.* v. *Chapin* (1895), 106 Mich. 384, 64 N. W. 334, 58 Am. St. 490 and note; *Miller* v. *Miller* (1889), 78 Iowa 177, 35 N. W. 464, 42 N. W. 641, 16 Am. St. 431; *Copeland* v. *Boaz* (1877), 9 Bapt. (Tenn.) 223, 4 Am. St. 334. However, this rule is said to have no application where the wife has abandoned the discharge of her marital duties on sufficient grounds, such as adultery or cruel treatment on the part of the husband, or is threatening to do so because of such fact. Under such circumstances a promise made by a husband to a wife to resume or continue the performance of her marital duties rests on a valuable consideration. The reason given is, that the wife, under such circumstances, no longer owes the husband any marital obligations, and has the right to a support while living apart from him, and to a judgment for alimony in the event of a divorce. She is under no legal obligations to condone his offense, and resume or continue the marital duties, which it had theretofore been her duty to perform. By reason of these facts it is held that a promise, made by a husband to his wife under the circumstances stated, to induce her to resume

or continue the performance of her marital duties, is based on a valuable consideration, as she surrenders a right in so doing. In most of the following cases the general rule, as first above stated, is either expressly or inferentially recognized, but for the reasons named it is uniformly held to have no application. *Rodgers* v. *Rodgers* (1920), 229 N. Y. 255, 128 N. E. 117; *Moayon* v. *Moayon* (1903), 114 Ky. 855, 72 S. W. 33, 60 L. R. A. 415, 102 Am. St. 303; *Phillips* v. *Meyers* (1876), 82 Ill. 67, 25 Am. Rep. 295; *Adams* v. *Adams* (1883), 91 N. Y. 381, 43 Am. Rep. 675; *Duffy* v. *White* (1897), 115 Mich. 264, 73 N. W. 363; *Bloodgood* v. *Slayback* (1901), 71 N. Y. Supp. 809, 62 App. Div. 315.

In the instant case the court found that the consideration for the execution of the instrument in suit, was that appellant should live with the decedent "and perform her marital duties as his wife in his home and household," and that there was no other or different consideration whatsoever therefor. This finding brings appellant clearly within the general rule stated above, and precludes a recovery unless the finding further shows that, at the time of the execution of said instrument, she was absolved from the discharge of such marital duties by reason of the wrongful conduct of the decedent. While the special finding states that appellant and the decedent did not get along together harmoniously as husband and wife, and that appellant was dissatisfied in her marriage relation with the decedent, and discussed with him the subject of leaving, and no longer living with him as his wife, it does not state the reason for such want of harmony, or cause for her dissatisfaction. In the absence of any finding in that regard, we may not presume that they were the result of any wrongful conduct on the part of the decedent, as the former may have been the fault of appellant, and the latter the result of a mere whim. The absence of

a finding, that appellant had any recognized cause for abandoning the discharge of her said marital duties, precludes a recovery on her part under the facts found. The court, therefore did not err in stating either of its conclusions of law.   Judgment affirmed.