MAYS *v.* WADEL ET AL., CO-ADM. EST. OF MAYS, DECEASED.

[No. 20,733. Filed April 30, 1968. Rehearing denied April 17, 1969. Transfer denied July 23, 1969.]

*Gerald A. Kamm,* and *Doran, Manion, Boynton & Kamm,* of South Bend, for appellant.

*Arthur L. May, James W. Oberfell, Joseph T. Helling* and *Crumpacker, May, Levy & Searer,* of South Bend, for appellee.

PFAFF, J.—This action is based on a claim filed by the appellant, Crystal I. Mays, in the estate of Thomas O. Mays, deceased, for services rendered by appellant to the decedent during his lifetime. The claim was disallowed and the court transferred the claim to the issue docket for trial pursuant to § 7-810, Burns' 1953 Replacement. Trial was had by jury, and at the conclusion of the claimant's evidence appellees

filed a motion for directed verdict and tendered their instruction thereon. The court granted said motion and directed the jury at the close of claimant's evidence to return a verdict for the appellees. The verdict was as follows:

"The Claimant having concluded her evidence and rested her case and the Court having concluded such evidence is not sufficient to sustain the allegations of her claim, we, the jury, are now instructed by the Court and we do so return a verdict for the Co-Administratrices."

The court thereafter entered the following judgment:

"IT IS THEREFORE CONSIDERED, ORDERED, ADJUDGED AND DECREED by the Court on the findings of the jury the Claimant take nothing by reason of her complaint."

It is from this judgment that this appeal arises, appellant assigning as error the following:

1. The verdict of the jury is contrary to law.

2. Error of law occurring at the trial as follows: The Court erred in sustaining Defendant's motion for a directed verdict made at the close of Claimant's evidence.

3. Error of law occurring at the trial as follows: The Court erred in giving to the jury a peremptory instruction directing the jury to return a verdict for the Defendant.

4. Error of law occurring at the trial as follows: The Court erred in sustaining the Defendant's objections to the Claimant's Exhibit No. 4, 5 and 6, and in also sustaining the Defendant's objections to testimony relative to the value of the estate.

5. Error of law occurring at the trial as follows: The Court erred in sustaining Defendant's motion for directed verdict made at the close of Claimant's evidence after previously making a finding that the Claimant had made a prima facie case thereby permitting Claimant to testify.

6. Error of law occurring prior to trial as follows: The Court erred in striking parts of the Claimant's claim.

The evidence discloses that the appellant and decedent, Thomas O. Mays, were married December 15, 1956. Prior to

said marriage the parties had entered into an antenuptial agreement, which reads as follows:

"THIS ANTENUPTIAL CONTRACT AND AGREEMENT made by and between THOMAS O. MAYS, first party, and CRYSTAL IRENE NELSON, second party, this 13th day of December, 1956, WITNESSETH:

"WHEREAS, said parties contemplate marriage and intend to marry in the very near future, and they desire hereby to agree concerning all the right, title and interest either shall have or take in and to the property of the other, both real and personal, in the event of the death of either, as surviving widower or widow respectively, and to stipulate and determine their respective rights, titles and interests in and to the estate and property, both real and personal, of the other on the death of either; and,

"WHEREAS, first party has been previously married, having five children, and second party has likewise been previously married, having no children.

"NOW, THEREFORE, for and in consideration of said contemplated marriage and of the promise to marry of each to the other, it is agreed:

"That on the death of first party second party shall not take, have or receive any right, title or interest in and to the property, both real and personal, of first party which he presently owns, possesses or of which he is seized, or which he may hereafter acquire, own, possess or be seized, and she shall not have, take or receive anything of or from his estate, including the widow's allowance by the laws of the State of Indiana provided.

"That on the death of second party first party shall not take, have or receive any right, title or interest in and to the property, both real and personal, of second party, which she presently owns, possesses or of which she is seized, or which she may hereafter acquire, own, possess or be seized, and he shall not have, take or receive anything of and from her estate.

"That if either of said parties shall hereafter lease, encumber, mortgage, bargain, sell or convey any of their respective property, both real and personal, presently owned or hereafter acquired, then the other shall sign, execute and join in any lease, mortgage, conveyance or other written instrument required to accomplish and effectuate such disposition of their said respective property.

"IN WITNESS WHEREOF said parties have hereunto set their hands and seals the day and year first above written."

On the 9th day of October, 1964, Thomas O. Mays died, leaving a last will and testament in which he made the following provision for the appellant:

"If my wife, Crystal I. Mays, shall give me personal care and treatment during the period of my last illness, or in the course of an illness in or as the result of which my death shall occur, I authorize and direct that she be paid out of and from my estate, as a part of the indebtedness and liabilities of my estate the sum of Eight ($8.00) Dollars per day for such care. . . ."

On April 20, 1965, the appellant, as the decedent's third and childless spouse, filed an election renouncing all provisions made for her under the aforementioned last will and testament. Appellant then filed a claim against the decedent's estate, which reads as follows:

"Crystal I. Mays alleges:

"1. She was the wife of Thomas O. Mays.

"2. That various land contracts were entered into by Thomas O. Mays and the undersigned and other individuals, and the proceeds therefrom, including principal and interest, were jointly owned by Thomas O. Mays and the undersigned.

"3. That one-half (1/2) of the income received throughout the marriage of Thomas O. Mays and the undersigned was and is the property of the claimant.

"4. That the undersigned assisted Thomas O. Mays in the conduct of his business as a joint enterprise, and one-half (1/2) of all the proceeds therefrom belong to the undersigned, or in the alternative, the claimant is entitled to the value of her services rendered in the conduct of said business.

"5. That the undersigned assisted Thomas O. Mays during his last illness, and it was his desire and agreement that she should be paid for her services.

"6. That as a result of the above specified facts, the estate of Thomas O. Mays is indebted to the claimant and

has property belonging to the claimant in the sum of One Hundred Forty-five Thousand ($145,000.00) Dollars.

"WHEREFORE, Claimant claims the amount due and owing her in the sum of One Hundred Forty-five Thousand ($145,000.00) Dollars."

After disallowance of appellant's claim, and in preparation for trial, a pre-trial conference was held and a pre-trial order made and entered, the pertinent parts of which are as follows:

"Following discussion, it is agreed by counsel for both parties that the claim shall be submitted to the jury in the following language:

"Claim—Crystal I. Mays alleges:

"1. She was the wife of Thomas O. Mays.

"2. That the undersigned assisted Thomas O. Mays in the conduct of his business and she is entitled to the value of her services rendered in the conduct of said business.

"3. That the undersigned assisted Thomas O. Mays during his last illness, and it was his desire and agreement that she should be paid for her services.

"4. That as a result of the above specified facts, the estate of Thomas O. Mays is indebted to the claimant in the sum of One Hundred Forty-five Thousand Dollars ($145,000.00)."

In the argument portion of her brief the appellant considers and discusses only specifications 2 and 3 of her motion for a new trial, and has omitted a discussion and consideration of specifications 1, 4, 5 and 6. Therefore, under Rule 2-17(h) and (i) of the Rules of the Supreme Court of Indiana appellant has waived specifications 1, 4, 5 and 6. *Henderson* v. *State* (1956), 235 Ind. 132, 131 N. E. 2d 326.

Under specification of error number 2 appellant alleges that "The Court erred in sustaining Defendant's (estate) motion for a directed verdict made at the close of Claimant's evidence." This assignment of error presents no ground for reversal since the sustaining of a motion for directed verdict does not constitute reversible

error. The error is in the giving of such instruction to the jury. *Kubisz* v. *Pomorski* (1943), 221 Ind. 655, 657, 51 N. E. 2d 82.

Appellant next contends that "The Court erred in giving to the jury a pre-emptory [peremptory] instruction directing the jury to return a verdict for the Defendant (estate)" in the event that there was some evidence of probative value, or reasonable inferences therefrom, that would support a finding for the appellant. In support of this contention, appellant claims that she was the wife of Thomas O. Mays and assisted him in the conduct of his business and is entitled to the value of her services rendered in the conduct of said business. Appellant further claims that she assisted Thomas O. Mays during his last illness, and it was his desire and agreement that she should be paid for her services.

It is the law of this State that between husband and wife, while they are living together as such in a common household, that there can be no express or implied contract for compensation or payment for any services or acts performed or rendered in and about the home by either of them in the common support of that household. *Bowers* v. *Alexandria Bank, Admr.* (1921), 75 Ind. App. 345, 130 N. E. 808; *Stout* v. *Perry et al* (1880), 70 Ind. 501, 504; *Barnett* v. *Harshbarger, Administrator* (1886), 105 Ind. 410, 5 N. E. 718; *Stanley* v. *Stanley* (1896), 14 Ind. App. 398, 42 N. E. 1031; *Gardner* v. *Gardner* (1902), 29 Ind. App. 449, 64 N. E. 637.

It is the opinion of this court that the evidence was without dispute or contradiction and established clearly that the services for which the decedent's wife was claiming compensation were services rendered in and about the family home on an irregular basis in support of the household. Under the authorities heretofore cited, compensation for such services, as between a husband and wife, cannot be founded on an express or implied contract.

Therefore, the trial court did not err in directing a verdict for the appellees, and finding no reversible error, this judgment is affirmed.

Judgment affirmed.

Cook, P. J., Bierly and Smith, JJ., concur.

NOTE.—Reported in 236 N. E. 2d 180.