BRADLEY *v.* PHELPS, d/b/a PHELPS HEATING ET AL.

[No. 469A74. Filed August 6, 1970. No petition for rehearing filed.]

---

*John D. Clouse,* of Evansville, for appellant.

*Allyn & Knowles,* of Mount Vernon, for appellee, Merle Phelps.

CARSON, J.—This is an action commenced by plaintiff-appellee, Merle Phelps, doing business as Phelps Heating, against appellant Goldie Conlin Bradley and nominal appellees, Norman R. Conlin and Sharon Conlin, to recover the value of a furnace and the cost of installation of same.

Appellee-Phelps' complaint is framed in two paragraphs. The first paragraph seeks to forelose on a mechanic's lien,

but as the court found for appellant thereon, said first paragraph is not involved in this appeal. The pertinent allegations of appellee's second paragraph of complaint may be summarized as follows:

1. That appellee-Phelps is a sole proprietor doing business as Phelps Heating.
2. That appellant was the record owner of certain real estate in Posey County, Indiana.
3. That appellee-Norman R. Conlin occupied this real estate and claimed to own an interest therein.
4. That at the request of appellee-Norman R. Conlin, and with the consent of appellant, appellee-Phelps furnished and installed a furnace, the total value being $668.94, in a house situated on the abovementioned real estate.
5. That said amount remained unpaid, and a reasonable fee for appellee-Phelps' attorney is $100.

To appellee's second paragraph appellant filed an answer in two paragraphs, the first paragraph being an admission and denial under Rule 1-3, Rules of the Supreme Court of Indiana, which, in substance, appellant admitted ownership of land and denied all of the remaining allegations of said second paragraph. Such paragraph of appellant's answer is in the form of a set-off and alleges that the furnace installed by appellee-Phelps was defective.

Trial was to court, without jury, and subsequent thereto the court entered judgment in favor of appellee-Phelps on said second paragraph of complaint, which judgment reads as follows:

"Comes now the parties by their respective attorneys and this cause having been heretofore submitted to the court for trial on October 1, 1968, and the Court having heard the evidence and the arguments of counsel, whereupon the Court took the case under advisement, and now the court being advised in the premises finds against the plaintiff on the first paragraph of the complaint and finds for the plaintiff on the second paragraph of the complaint; that the defendants Goldie Conlin Bradley and Norman R. Conlin are jointly and severally indebted to the plaintiff in the principal sum of Six Hundred Sixty Dollars and

Ninety-Four Cents ($660.94) to which interest should be added in the sum of Thirty Nine Dollars and Sixty-Five Cents ($39.65), making a total indebtedness of Seven Hundred Dollars and Fifty-Nine Cents ($700.59).

"IT IS, THEREFORE, CONSIDERED AND AD-JUDGED by the Court that, on his first paragraph of complaint, the plaintiff take nothing, and that, on his second paragraph of complaint, the plaintiff recover of the defendants, or either of them, said sum of Seven Hundred Dollars and Fifty-Nine Cents ($700.59), together with his costs and damages herein laid .out and expended."

Appellant timely filed a motion for a new trial which sets out the following specification of errors:

"1.  The decision of the Court is not sustained by sufficient evidence.

"2.  The decision of the Court is contrary to law.

"3.  Error in the assessment of the amount of recovery, in this, that the amount is too large.

"4.  Error of law occurring at the trial, as follows:

"The Court erred in overruling the objection of the defendant Goldie Conlin Bradley, to the following question propounded by the plaintiff during the direct examination of Merle Phelps, a witness called on behalf of the plaintiff, and in admitting Exhibit No. 3 in evidence, which question, objection, ruling of the Court and Exhibit are in the following words:

" 'Q.  O.K. We still submit this.

" 'By MR. CLOUSE: To which the defendant Goldie Conlin Bradley objects for several reasons. First, there is now [no] showing that it is a business record which is entitled to be admitted into evidence. The testimony of the witness is that it is prepared specifically for this lawsuit. He does not have the original, that is understandable, he has a carbon copy which would be very interesting, particularly with reference to whom it was addressed to. This is not a business record that is admissible into evidence, having been prepared for this lawsuit. Secondly, I note that on three occasions this man testified, even this last time, that he prepared a statement for Norman Conlin. And he said again, when Mr. Allyn questioned him just a fes [few] minutes ago, that he gave it to Norman Conlin. That's a crucial matter as far as this defendant is concerned, to whom the

bill was made. This is not to Norman Conlin. We object to the introduction of Plaintiff's Exhibit # 3.

" 'BY THE COURT: Well, I think this might have some weight. I am going to order it introduced into evidence.'

"PHELPS EX. #3                    No. ————

### PHELPS HEATING

Sales-Heating and Sheet Metal-Service
Victor Oil Furnaces—Air Conditioners
North Main and Dereham Drive—Ph. 838-3752
Mt. Vernon, Ind. 47620
Oct. 13, 1966

*M. Goldie Conlin*

*Duplicate Statement*

| Quan. | Article and Description | Tax | Merchdse. | Labor |
|---|---|---|---|---|
| One | FGL—1252—2 | | | |
| | Space Cond. Gas Furnace | | 295.00 | |
| One | Humidifier | | 22.44 | |
| | Registers, galv. steel Pipe and other Material | | 51.50 | |
| | Make duct and Install Furnace | | | 300.00 |
| | TOTAL | | | $668.94 |

/s/ John D. Clouse

Attorney for Defendant
Goldie Conlin Bradley"

Appellant's sole assignment of error is the overruling of her motion for a new trial.

The third specification of error in appellant's motion for a new trial presents no question for our consideration in that it is not supported by cogent argument and, therefore, is deemed waived under the provisions of Rule 2-17(h),[1] Rules of the Supreme Court of Indiana. *Mays* v. *Wadel* (1968), 142 Ind. App. 565, 236 N. E. 2d 180, 14 Ind. Dec. 178.

Appellant has chosen to group the first two specifications of error and supports same by argument under one heading in her brief.

---

1. See Rule AP. 8.3(A) (7), Ind. Rules of Appellate Procedure.

Appellant, in the argument portion of her brief, urges several possible theories in support of the contention that the decision is not sustained by sufficient evidence and is contrary to law. However, appellant is deemed to have waived those theories presented to this court upon appeal which were not properly presented to the trial court by way of memorandum filed in support of the motion for new trial. Rule 1-14B,[2] Rules of the Supreme Court of Indiana.

Appellant's memorandum reads as follows:
"The decision of the Court is not sustained by sufficient evidence in the following particulars:

"No where in the record is there any evidence that the furnace in question was furnished and installed at the special instance and request of the defendant Goldie Conlin Bradley nor is there any evidence that she contracted with the plaintiff for the installation or purchase of the same nor is there any evidence of any relation of said defendant to the plaintiff which would impose upon her, by law, some duty to pay for said furnace. The undisputed evidence is that the plaintiff had already commenced work of installation of the furnace before the defendant Goldie Conlin Bradley was informed of plaintiff's action in so doing. Thus, there is no evidence of any obligation either in contract or imposed by law for said defendant to pay for said furnace.

"The decision of the Court is contrary to law in that it is not sustained by sufficient evidence."

This court in reviewing appellant's specification of error that the decision of the court is not sustained by sufficient evidence is limited only to that evidence most favorable to the appellee.

*Kessler* v. *Kessler* (1963), 135 Ind. App. 85, 192 N. E. 2d 4.

Although there is conflict, the evidence most favorable to appellee indicates that appellee-Phelps was contacted by

---

2. Ind. Rules of Trial Procedure, TR. 59 (B), supersedes Rule 1-14B.

Norman Conlin to install a new furnace in the house occupied by Mr. Conlin; that after beginning installation, Phelps discovered that Norman Conlin did not own the house, but that the lawful owner was the appellant, Goldie Conlin Bradley. Upon discovering this, appellee-Phelps contacted her on or about September 19, 1966, and at that time she told him to proceed with the installation, and that Phelps finished installing the furnace on October 23, 1966.

The evidence above constitutes an order by Norman Conlin, which was ratified by appellant-Bradley and accepted and fully performed by Mr. Phelps.

Even though appellant has introduced conflicting oral testimony, sufficient evidence of probative value does exist to support the finding of the trial court.

Finally, appellant urges reversible error in the court's admission in evidence of plaintiff's Exhibit No. 3, *supra*. Exhibit No. 3 is an itemized statement setting forth appellee-Phelps' bill for furnishing and installing the furnace in question. The statement is directed to appellant-Goldie Conlin Bradley. Upon cross-examination Phelps testified that plaintiff's Exhibit No. 3 was not prepared in the ordinary course of business so as to qualify for admission in evidence under the business records rule, but was instead prepared solely for purposes of the trial. At best, under the rules of evidence, plaintiff's Exhibit No. 3 could have been used only to refresh Phelps' memory, and it was, in our opinion, error to permit its admission in evidence. However, it is our opinion that although the trial court improvidently admitted plaintiff's Exhibit No. 3 in evidence said action did not constitute reversible error as there was independent evidence of the facts contained therein, and such exhibit merely constitutes cumulative evidence of those facts.

"If the evidence is merely cumulative, a new trial should not be granted." *Cobler, Admr.* v. *Prudential Life Ins. Co.,* (1941), 108 Ind. App. 641, 31 N. E. 2d 678.

Based on the conclusions stated above, the judgment of the trial court is affirmed.

Judgment affirmed.

Lowdermilk, C.J., Cooper and Sullivan, JJ., concur.

NOTE.—Reported in 260 N. E. 2d 894.