OMA SCATES *v.* STATE OF INDIANA, INDIANA
STATE HIGHWAY COMMISSION

[No. 3-1176A282. Filed December 27, 1978.]

*Douglas M. Grimes*, of Gary, for appellant.

*Theodore L. Sendak*, Attorney General of Indiana, *David L. Steiner*, Deputy Attorney General, for appellees.

STATON, P.J.—Oma Scates appeals from the dismissal of her complaint for damages. The trial court found that Scates' complaint "fails to state a claim against defendants upon which relief can be granted in that the action has not been brought within the appropriate statutory period. . . ." We affirm.

Scates' land (53 square feet) was taken[1] by the State for the purpose

---

1. We are forced, by the incomplete record, to presume the truth of the factual allegations within the complaint, and to presume the taking of Scates' property. No formal eminent domain notifications or proceedings are included by Scates in the appellant's record on appeal. Some of the language of Scates' complaint supports an inference that the State did not, in fact, take any land at all: "the construction of the highway . . .

of highway construction in 1958. Although the State offered Scates $150.00 at that time, Scates refused the offer; the State refused to negotiate. The highway was opened in 1961. Scates filed her complaint for damages on February 24, 1975.

IC 1971, 34-1-2-1, Ind.Ann.Stat. § 2-601 (Burns Code Ed.) provides that a six-year statute of limitations is to be applied "[f]or injuries to property *other than personal property, damages for any detention* thereof, and for recovering possession of personal property. . . ." (Emphasis added.) IC 1971, 34-1-2-3, Ind.Ann.Stat. § 2-603 (Burns Code Ed.) states that "[a]ll actions not limited by any other statute shall be brought within fifteen [15] years. . . ." While we would agree with the State that, on its face, IC 1971, 34-1-2-1, reflects the pertinent time period, the Indiana Supreme Court has specifically held that IC 1971, 34-1-2-3, is applicable to eminent domain proceedings.[2] *See Shortle v. Terre Haute & I.R. Co.* (1892), 131 Ind. 338, 30 N.E. 1084; *Shortle v. Louisville, N.A. & C.R. Co.* (1892), 130 Ind. 505, 30 N.E. 639.

Utilizing the fifteen year limitation, we find that Scates failed to timely file her cause of action. A cause of action accrues, and the statute of limitations begins to run from the time a suit may be maintained. *Raymond and Another, Administrators v. Simonson, Administrator* (1835), 4 Blackf. 77. A cause of action accrues at the time injury is produced by wrongful acts for which the law allows damages susceptible of ascertainment. *Montgomery v. Crum* (1928), 199 Ind. 660, 161 N.E. 251. The statute of limitations begins to run at the time when a complete cause of action accrues or arises or when a person becomes liable to an action. *Merritt v. Economy Dept. Store, Inc.* (1955), 125 Ind.App. 560, 128 N.E.2d 279; *Keilman, Tr. v. City of Hammond* (1953), 124 Ind.App. 392, 114 N.E.2d 813. A person who has it in

---

*immediately parallel and adjacent to plaintiff's property . . . amounts to a taking* of plaintiff's property without compensation. . . ." (Emphasis added.) Because of our determination regarding the statute of limitations issue, we need not address the merits of the complaint or the sufficiency of the record.

2.   If the State did not formally institute eminent domain proceedings, it would seem that the State's presence on Scates' land (if there was a presence) was of the nature of a trespass or inverse condemnation. A six-year statute of limitations would have been applicable if that were the case. *See Pickett v. The Toledo, St. Louis and Kansas City Railroad Company* (1892), 131 Ind. 562, 31 N.E. 200.

his power to make his cause of action complete must do so within a reasonable time, and the statute of limitations will not await the pleasure or convenience of the plaintiff. *Hamrick v. Indianapolis Humane Soc., Inc.* (D.C. Ind. 1959), 174 F.Supp. 403, *aff'd* 273 F.2d 7, *cert. denied* 362 U.S. 919.

A "taking" in eminent domain includes "substantial interference with private property which destroys or impairs one's free use and enjoyment of the property." *Schuh v. State* (1968), 251 Ind. 403, 407, 241 N.E.2d 362, 364. We cannot countenance Scates' argument that the statute would only have tolled upon the opening of the highway in 1961. The statute began to run at the time Scates' free enjoyment of her property was impaired in 1958. *Schuh v. State, supra.* Scates had damages susceptible of ascertainment at the moment the State wrongfully utilized her land. *See Montgomery v. Crum, supra.* Therefore, her right of action accrued in 1958, and she had only until 1973 to file suit. She had it within her power to make her cause of action complete within a reasonable time. (*Hamrick v. Indianapolis Humane Soc., Inc., supra*), yet she waited until 1975 to file her suit. There was no error in the dismissal of Scates' suit.

We affirm.

Buchanan, C.J., (by designation), concurs;

Garrard, P.J., concurs in result.

NOTE—Reported at 383 N.E.2d 491.