FILED

Dec 14 2020, 8:58 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Paul Petro
Petro Law Firm LLC
Fishers, Indiana

ATTORNEYS FOR APPELLEE

Anthony B. Ratliff
Patrick M. Cline
Tuohy Bailey & Moore LLP
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Sandra Hogan,
*as Personal Representative of the Estate
of Mary Hogan, Deceased,*

*Appellant-Plaintiff,*

v.

Magnolia Health Systems 41,
LLC,

*Appellee-Defendant,*

December 14, 2020

Court of Appeals Case No.
20A-CT-1101

Appeal from the Hamilton
Superior Court

The Honorable Todd L. Ruetz,
Special Judge

Trial Court Cause No.
29D03-1608-CT-6935

**Robb, Judge.**

# Case Summary and Issue

[1] Sandra Hogan, as Personal Representative of the Estate of Mary Hogan, ("Plaintiff") appeals the trial court's order granting summary judgment in favor of Magnolia Health Systems 41, L.L.C. ("Magnolia") and presents one issue for our review:  whether the trial court properly granted summary judgment in favor of Magnolia.  Concluding it did not, we reverse and remand.

# Facts and Procedural History

[2] On August 10, 2016, Mary Hogan filed a Complaint for Damages against "John Doe" and Magnolia alleging:

> 1.      [O]n or about April 7, 2016, [she] was standing with her walker near the buffet table in the dining hall of Crowne Point of Carmel assisted living facility[.]
>
> 2.      [A]n unknown defendant, John Doe, negligently caused the buffet table to fall onto [her] walker, causing her to fall to the floor and suffer serious injury.
>
> 3.      That the Crown[e] Pointe of Carmel assisted living facility is owned and/or operated by . . . Magnolia[.]
>
> * * *
>
> 5.      That the unknown defendant, John Doe, was in the course and scope of his employment for . . . Magnolia[.]

6.     . . . Magnolia . . . is liable for damages to plaintiff for all negligent acts committed by its unknown employee, John Doe, in the course of his employment.

Appellant's Appendix, Volume 2 at 19. Hogan alleged she suffered permanent injuries as a result of Doe and Magnolia's negligence (collectively, "Defendants") and incurred medical and special expenses as a direct and proximate result of Defendants' negligence. Magnolia subsequently filed its Answer and Affirmative Defenses.

[3] At some point, Hogan sent Magnolia interrogatories and requests for production. And on April 4, 2017, Magnolia responded with general objections and attached the requested documents. Notably, at the time, Magnolia claimed that "the identity of the Defendant John Doe has not yet been determined[.]" Appellee's Appendix, Volume II at 3. However, Magnolia also produced an incident report, which provided the names of two staff members involved in the incident at issue, including Jackie Woods, the dietary manager. The narrative of the incident stated that the

> Dietary Manager placed three additional charts on the curio [cabinet]. The additional weight caused the front leg of the curio to break. The curio cabinet tilted forward to the left, falling on an empty dining room table, sliding the table towards the resident who was standing next to [the] table and her rolling walker. The rolling walker was pushed aside by the table causing the Resident to [lose] her balance and fell [sic] to the floor hitting her head.

*Id.* at 19.

[4] On April 14, Hogan died[1] and an estate was subsequently opened. Hogan's daughter, Sandra, was appointed as the personal representative of the estate. In October 2018, Plaintiff filed a Motion to Substitute Estate as the Real Party in Interest. The trial court granted the motion and amended the case caption to reflect Sandra Hogan, as Personal Representative of the Estate of Mary Hogan, as the real party in interest.

[5] Following a hearing on March 19, 2019, the trial court ordered Plaintiff to identify the "John Doe" defendant within 120 days. On July 22, Plaintiff filed an Amended Complaint for Damages naming Jackie Young[2] as the allegedly negligent Magnolia employee and replacing the John Doe defendant with Young.

[6] On September 23, 2019, Magnolia filed its Answer and Affirmative Defenses admitting that Young was acting within the scope of her employment during the incident but denying she acted negligently. Magnolia also asserted that "[a]ny defense which bars, in whole or in part, Plaintiff's claim against Defendant Young equally bars Plaintiff's claim against Magnolia. Plaintiff cannot recover from Magnolia under theory of *respondeat superior* where Plaintiff cannot recover against the individual employee." Appellant's App., Vol. 2 at 25. The same day, Young filed a motion to dismiss alleging that Plaintiff's

[1] There are no allegations that Mary Hogan died as a result of her injuries from the accident at issue in this case.

[2] Jackie Woods and Jackie Young are the same person.

cause of action against her was barred by the two-year statute of limitations because the alleged incident occurred on April 7, 2017 and Plaintiff filed its Amended Complaint naming Young as a defendant on July 22, 2019 – more than two years after the incident. The trial court subsequently agreed and granted Young's motion.

[7] In February 2020, Magnolia filed a motion for summary judgment and supporting memorandum. Magnolia alleged it was entitled to judgment as a matter of law because "an employer cannot be held liable under respondeat superior unless the plaintiff's claim can be maintained against the employee" and thus, Plaintiff's "respondeat superior action against [it], the employer, must fail because [Plaintiff]'s claim against Ms. Young, the employee, is barred." Appellee's App., Vol. II at 35, 38. In support of its motion, Magnolia designated the following evidence: (1) Plaintiff's original complaint; (2) Plaintiff's amended complaint; (3) Magnolia's Answer and Affirmative Defenses to Plaintiff's Amended Complaint; (4) Young's motion to dismiss; and (5) the trial court's order granting Young's motion to dismiss. *See id.* at 43-57.

[8] Plaintiff filed a response opposing Magnolia's motion for summary judgment but did not designate any evidence. Plaintiff argued that Magnolia's motion should be denied because Plaintiff could sue the employer, employee, or both under the theory of respondeat superior. Magnolia filed a reply brief, and the trial court held a hearing. Following the hearing, the trial court entered an

order granting Magnolia's motion for summary judgment and dismissing Plaintiff's action with prejudice. Plaintiff now appeals.

# Discussion and Decision

## I. Summary Judgment: Standard of Review

Summary judgment is a tool which allows a trial court to dispose of cases where only legal issues exist. *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014). When reviewing the grant of summary judgment, we apply the same test as the trial court: summary judgment is appropriate only if the designated evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); *Sedam v. 2JR Pizza Enters., LLC*, 84 N.E.3d 1174, 1176 (Ind. 2017). The moving party bears the initial burden of showing the absence of any genuine issue of material fact as to a determinative issue. *Hughley*, 15 N.E.3d at 1003.

Once the movant for summary judgment has established that no genuine issue of material fact exists, the nonmovant may not rest on its pleadings but must set forth specific facts which show the existence of a genuine issue for trial. *Perkins v. Fillio*, 119 N.E.3d 1106, 1110 (Ind. Ct. App. 2019). "A fact is 'material' if its resolution would affect the outcome of the case, and an issue is 'genuine' if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Hughley*, 15 N.E.3d at 1003. As opposed to the federal standard which permits the moving party to merely show the party carrying the burden of proof lacks

evidence on a necessary element, Indiana law requires the moving party to "affirmatively negate an opponent's claim." *Id.* (quotation omitted). Our review is limited to the evidence designated to the trial court, T.R. 56(H), and we construe all facts and reasonable inferences drawn from those facts in favor of the non-moving party, *Meredith v. Pence*, 984 N.E.2d 1213, 1218 (Ind. 2013). On appeal, the non-moving party carries the burden of persuading us the grant of summary judgment was erroneous. *Hughley*, 15 N.E.3d at 1003.

[11] The parties do not dispute the material facts of this case. Instead, this dispute concerns a pure question of law, which we review de novo. *Ramirez v. Wilson*, 901 N.E.2d 1, 2 (Ind. Ct. App. 2009), *trans. denied*.

## II. Respondeat Superior

[12] Plaintiff challenges the trial court's grant of summary judgment in favor of Magnolia. The crux of the dispute between the parties is whether the dismissal of Young, the alleged negligent Magnolia employee, as a defendant extinguishes Magnolia's liability under the theory of respondeat superior. We conclude it does not.

[13] The general rule is that vicarious liability can be imposed when an employer, who is not liable because of his own acts, is found responsible for the wrongful acts of his employee committed within the scope of employment. *Barnett v. Clark*, 889 N.E.2d 281, 283 (Ind. 2008). The employer and employee are jointly and severally liable: both the employer and employee are liable for any injury and damages caused by the employee's negligence, and either or both may be

sued for such damages at the option of the injured party. *Henry B. Steeg & Assocs., Inc. v. Rynearson*, 142 Ind. App. 567, 569-70, 241 N.E.2d 888, 889 (1968). For an employee's act to fall within the scope of employment, the act must be incidental to authorized conduct or further the employer's business to an appreciable extent. *Knighten v. E. Chicago Housing Auth.*, 45 N.E.3d 788, 792 (Ind. 2015). An employer is not held liable under the doctrine of respondeat superior because it did anything wrong, "but rather because of the [employer's] relationship to the wrongdoer." *Walgreen Co. v. Hinchy*, 21 N.E.3d 99, 107 (Ind. Ct. App. 2014) (internal quotation omitted), *trans. denied*. "[F]or respondeat liability to attach, there must also be underlying liability of the acting party." *Id.* at 109.

[14] Magnolia claims that a plaintiff "cannot chose to sue 'either' an employer or employee under the theory of respondeat superior." Appellee's Brief at 22. Contrary to Magnolia's assertion, a plaintiff does, in fact, have the option of suing either the employee, employer, or both. *Henry B. Steeg & Assocs.,Inc.*, 142 Ind. App. at 570, 241 N.E.2d at 889. There is no requirement that a plaintiff must sue the individual employee in order for an employer to be held liable for the employee's conduct under the theory of respondeat superior; an employee only needs to have committed some act within the scope of employment for which he *could* be sued. *See e.g. Cox v. Evansville Police Dep't*, 107 N.E.3d 453, 458 (Ind. 2018) (plaintiffs sued the alleged negligent employees' employers, namely the cities of Evansville, Fort Wayne, and the Evansville Police Department, not the individual employees); *see also Southport Little League v.*

*Vaughn*, 734 N.E.2d 261, 267 (Ind. Ct. App. 2000) (plaintiffs sued the Little League, an organization, for the alleged negligent acts of a volunteer for the organization), *trans. denied.* As stated above, it is the employer's relationship to the wrongdoer that makes the employer liable. *Hinchy*, 21 N.E.3d at 107. An injured party's option to sue both essentially serves as a fail-safe for that plaintiff. If an employee is found to have been acting in the scope of employment, the plaintiff cannot recover from both the employee and employer. However, if the employee is found to be negligent but was not acting within the scope of employment, a plaintiff could still potentially obtain a judgment against the employee. Here, Plaintiff filed suit against Magnolia within the statute of limitations and did not have to file suit against Young or name her as a defendant in the first place. Therefore, Young's dismissal as a defendant has no effect on Plaintiff's respondeat superior action against Magnolia.

[15] Magnolia cites several cases that have held, "[W]here the employee cannot be held liable, no action based solely on respondeat superior is maintainable against the employer." Appellee's Br. at 15-16 (collecting cases). In essence, Magnolia's position is that because Young was dismissed as a defendant and a *judgment* cannot be entered against her individually, a cause of action based on respondeat superior for Young's conduct cannot be maintained against Magnolia. This is not so. "Liable" means "[r]esponsible or answerable in law; legally obligated." Black's Law Dictionary (11th ed. 2019). If our jurisprudence meant that the employee had to be named as a defendant and a

judgment had to be entered against the employee for which he or she is legally obligated in order for the employer to be liable under respondeat superior, it would have so held. Instead, it is clear that where an employee has acted negligently, liability will be imputed to his or her employer by virtue of the employee/employer relationship because of the wrongful conduct. Where an employee is not negligent, his employer cannot be liable.

[16] Young's dismissal as a defendant does not extinguish Magnolia's potential liability arising from Young's conduct. Magnolia admits Young was acting within the scope of her employment at the time of the incident and therefore, if the trier of fact determines that Young acted negligently, her negligence will be imputed to Magnolia, and a judgment will be entered accordingly. Because Magnolia was not entitled to judgment as a matter of law and genuine issues of material fact exist as to whether Young was negligent, the trial court improperly granted summary judgment in favor of Magnolia.[3]

# Conclusion

[17] For the reasons set forth above, Magnolia was not entitled to judgment as a matter of law on the issue of its respondeat superior liability. But genuine issues of material fact exist regarding whether Young was negligent so as to

---

[3] Plaintiff claimed that Young's identity was unknown before the statute of limitations expired and therefore, Plaintiff sued Magnolia and a "John Doe" defendant. Brief of Appellant at 8. To the extent this could be construed as a genuine issue of material fact, it is not. Whether Young's identity was known before or after the expiration of the statute of limitations is irrelevant to the resolution of this case.

impose such liability. Therefore, the trial court erred in granting summary judgment in Magnolia's favor. We reverse the trial court's judgment and remand for further proceedings consistent with this opinion.

[18] Reversed and remanded.

Crone, J., and Brown, J., concur.