Filed April 11, 1891.

———◆———

No 15,936.

THE GAMMON THEOLOGICAL SEMINARY *v.* ROBBINS ET AL.

GIFT.—*Inter Vivos.*—*Retention of Possession.*—*Effect of.*—*Written Instrument.*—*Construction of.*—R. executed an instrument in writing which contained the following provision: "I, John Robbins, * * hereby give to the trustees, etc., the principal of a note of seven hundred dollars, * * said sum of seven hundred dollars to be given in trust to the said trustees when the said note falls due, on the 4th day of August,

1890, and to be by them invested according to their best judgment." The possession of the promissory note was retained by R. and was never delivered by him to the trustees.

*Held*, that the written instrument did not constitute a gift *inter vivos*, and that the promissory note mentioned therein did not become the property of the trustees.

*Held*, also, that the writing constituted a mere agreement to give a sum in the future, and that under it no property passed.

SAME.— *What Constitutes.—Necessity of Delivery.—Character of Delivery.*—To constitute a valid gift *inter vivos* of personal property, there must be a delivery of the article during the lifetime of the donor, with an intention to give. A manual delivery, however, is not always necessary. It will be sufficient if the delivery is as complete as the thing and the circumstances of the parties will permit.

From the Henry Circuit Court.

*M. E. Forkner*, for appellant.

*A. L. Nichols* and *C. S. Hernley*, for appellees.

OLDS, C. J.—John Robbins, late of Henry county, Indiana, died intestate, leaving no widow or children surviving, but leaving remote heirs.

A. R. A. Thompson was appointed administrator of his estate, collected what was due the estate, and filed a final settlement report, showing a balance of $571.21 in his hands for distribution, concluding his report with the statement "that the amount shown herein in his hands he pays into court; that the Gammon School of Theology, of Atlanta, Georgia, is claiming the money; that he does not know who is entitled to the money, or who the heirs are, and he therefore pays the same into court for whoever may be entitled to the money."

Among the assets of the estate was a note, dated August 4th, 1887, given by one William J. B. Lather to the decedent for $700, borrowed money due in three years, which note was collected by the administrator, and constituted a part of the general funds of the estate, of which there remained the balance as stated.

The appellant filed a petition, making the legal heirs par-

ties, alleging facts which it is claimed constituted the appellant the owner of the note for $700 by gift from the decedent during his life, and asked that it be decreed to be the owner of the fund, and that the clerk be ordered to pay the same to it and its board of trustees.

To this petition appellees demurred, and the demurrer was sustained and exceptions reserved. The appellant refused to plead further, final judgment was rendered on demurrer against the appellant, from which judgment it appeals, and assigns such ruling as error.

The question presented by the demurrer and discussed by counsel is as to whether or not, under the facts alleged, the title to the note, or the proceeds thereof, passed to the appellant by gift from Robbins.

On the 14th day of September, 1887, Robbins executed and delivered to one Rev. James C. Murray, the duly authorized agent of the board of trustees of the plaintiff, a written instrument, of which the following is a copy:

"State of Indiana, Henry County, ss.:

"I, John Robbins, of the county and State aforesaid, hereby give to the trustees of the Gammon School of Theology, situated at the city of Atlanta, State of Georgia, organized (or to be organized) under the laws of the said State of Georgia, and under the control and management of the Freedmen's Aid Society of the Methodist Episcopal Church, the principal of a note for seven hundred dollars ($700), dated August 4th, 1887, due three years after date, and signed by W. J. B. Lather, in trust for the endowment of a perpetual scholarship in said Gammon School of Theology, to be known as the John Robbins Scholarship; said sum of seven hundred dollars to be given in trust to the said trustees when the said note falls due, on the 4th day of August, 1890, and to be by them invested according to their best judgment, and the income to be devoted each year to the support of a student in the said Gammon School of Theology, under the direction of the faculty of the same.

" In testimony whereof I have hereunto set my hand and affixed my seal this 14th day of September, in the year of our Lord, one thousand eight hundred and eighty-seven.

his

" John   X   Robbins.   [Seal.] "

mark.

This writing was attested by two witnesses, and acknowledged before a justice of the peace.

The note was retained by Robbins, and never was delivered. The question presented is as to whether or not the execution of this writing perfected the gift and transferred the title to the principal of the note without a delivery of the note.

The universal rule is, that there must be a delivery of the article during the lifetime of the donor to constitute a valid gift *inter vivos.*

In the case of *Smith* v. *Dorsey*, 38 Ind. 451, this court said : " To constitute a valid gift *inter vivos* it is essential that the article given should be delivered absolutely and unconditionally. The gift must take effect at once and completely, and when it is made perfect and complete by delivery and acceptance, it then becomes irrevocable by the donor. Gifts *inter vivos* have no reference to the future, but go into immediate and absolute effect. A court of equity will not interfere and give effect to a gift that is inchoate and incomplete."

It is contended that this instrument does make an absolute gift and transfer of the promissory note, and it being declared in writing, and the writing being delivered, it operated to pass the title to the property ; that a promissory note may be transferred either by an endorsement upon the note or by a separate written instrument.

Admitting this to be true in case of a sale and transfer for value of a promissory note, it has no such application in case of a gift. One may make a valid parol contract for the sale of personal property under fifty dollars in value without de-

livering the property, or the payment of any earnest money, or reducing it to writing, but to constitute a valid gift *inter vivos* of personal property, even though it be under fifty dollars in value, the property must be delivered.   In case of a gift the same principle applies whether the property be of great or small value.   A party may make a valid sale or gift of a note by delivery without endorsement so as to transfer the equitable title.

If in this case Robbins had endorsed the note on the back to the appellant, and retained the note, the gift would be incomplete; it would lack the element of delivery to make it valid.   One can not make a valid gift of a horse or a promissory note by saying, " I give the horse or the note to A." It lacks the element of delivery to make it a valid gift.

The well-settled rule is that there must be a delivery of the property, with an intention to give.   Delivery is absolutely necessary to the validity of a gift.

The owner must part with his dominion and control of the article before the gift takes effect; mere words alone convey no title, and a present gift must be intended; the donor must intend to part with the title and control of the thing at the time of making the gift.   A gift to take effect in the future is void.   While a delivery is absolutely necessary to the validity of a gift, yet it is not necessary that there should always be a manual delivery of the thing given.   It will be sufficient if the delivery be as complete as the thing and the circumstances of the parties will permit.   If the article given be too bulky to admit of a manual delivery, but there is a surrender of the possession and control by the donor to the donee, with a clear expression of the intention of the donor to give, and the donee accepts the gift, and assumes control of the property, it will be sufficient.   In case of a gift of an article of personal property by the father to his child, who is at the time a member of his family, the change of possession need only be such as the circumstances and the nature of the property will permit.   The same is true of a gift by the hus-

band to the wife. In the case of a gift by the father to his infant daughter, residing in his family, on the occasion of her birthday, of a piano, which thereafter was used by her and claimed as her own, and recognized by the father and other members of the family, as her property, and afterwards she married, and having no suitable place to keep the piano at her own house she allowed it to remain at her father's, she visiting and remaining at her father's for weeks at a time, it was held that there was such a delivery as passed the title. *Ross* v. *Draper*, 55 Vermont, 404.

So, in a case where the father declared his intention of giving to his infant child certain cattle, and bought a brand and caused it to be recorded, and branded the cattle in the name of such child, with the avowed purpose of giving them to the child, and turned them out, it was held that it was a sufficient delivery to pass the title. *Hillebrant* v. *Brewer*, 6 Texas, 45. In these instances the parties made such a delivery of the property as the relations and circumstances of the parties, and the nature of the property, would permit.

The authorities are not uniform as to whether or not, when a present gift of property is expressed in writing, and the writing itself is delivered, it is sufficient without the actual delivery of the thing given. It was held that where a father made a gift by a declaration in writing, in the form of a deed, to his infant child, of promissory notes, and in the writing itself declared himself a trustee to manage the property for the benefit of the donee, and caused the deed to be recorded, and the donor, styling himself trustee, retained the notes, had them assessed to the donee, and paid the taxes, and managed them for his said child, it was a valid gift. *Walker* v. *Crews*, 73 Ala. 412.

We do not think the facts alleged in the complaint in this case bring it within any of the rules above stated, by which it constitutes a valid gift.

In this case it does not appear that the note drew interest, but the averments in the complaint show it to be a note for

$700, due August 4th, 1890. The instrument in writing, signed by Robbins, when taken as a whole, shows it to be a prospective gift of the money for which the note called. The words in the writing relating to and importing a gift are, " I give to the trustees," etc., " the principal of a note for seven hundred dollars, * * * said sum of seven hundred dollars to be given in trust to the said trustees when the said note falls due, on the 4th day of August, 1890, and to be by them invested according to their best judgment."

The presumption of law is, that the note will be paid when due, and the fair construction to be given to the words used is, that it was the intention of the donor to give the money, the principal sum of the note, when the note matured, to the trustees of the college, and it does not warrant a construction that it was intended by the instrument to assign the principal sum of the note itself to the trustees, and authorize them to collect the note, but it is a mere contract to give the money when paid to the trustees, and that they should then invest the money given to them according to their best judgment. While in the forepart of the writing the word " give " is used, yet it is followed by the words " to the trustees of" a school, organized or to be organized. Following later on in the writing it is expressly stated that the sum of seven hundred dollars, not the note for seven hundred dollars, but the sum of seven hundred dollars, is to be given when the note falls due, so that the gift of $700 is to be made when the note falls due to the trustees of the college at the maturity of the note.

The writing itself constitutes a mere agreement to give a sum in the future. There is nothing in the writing indicating an intention to assign the note or to give to the donees any right to maintain an action for the collection of it.

Whatever may be the correct rule as to the effect of a writing whereby a party expresses an intention to make a present gift, and transfer the immediate title, custody and control of an article of personal property or chose in action,

as a promissory note, when nothing prevents the article or thing given from being actually delivered and handed over from the donor to the donee, as in this case, but no actual delivery being made, can make no difference in this case, for the writing is but an expressed intention or contract to give something in the future, and under such a state of facts the authorities are uniform that no property passes. *Zimmerman* v. *Streeper*, 75 Pa. St. 147 ; *Nickerson* v. *Nickerson*, 28 Md. 327 ; *Shower* v. *Pilck*, 4 Exchequer, 478 ; *Egerton* v. *Egerton*, 17 N. J. E. 419.

In this case, if Robbins had lived, he alone would have had the right to have collected the note, and it required some further act on his part to have passed the title either of the note or the money to the donee. Had he collected and used the money, the writing having no consideration to support it, it could not have been enforced against him, neither can it be against his estate. If not liable upon the contract, there is no liability for the conversion of the money. If the note or the money actually belonged to the donee, then there would be a liability for the conversion of the money, for if the gift was actually executed then the donor could not revoke it, but it is revocable until executed. Like a promissory note executed by the maker to the payee as a gift, it is but a mere promise to make a gift, and not enforceable. *Williams* v. *Forbes*, 114 Ill. 167.

In regard to written declarations of gift, Schouler, in his work on Personal Property, vol. 2, section 89, says: "An ordinary writing of gift, not under seal, would, we presume, have the effect in most States, as in England, of a parol declaration of gift, agreeably to the usual statute provisions ; and simply furnish more tangible proof than expressions by mere word of mouth that a gift had been perfected, yet nothing conclusive. Parol declarations of gift, without delivery of the chattel,amounted to nothing more at the old law than a promise to give, void for want of consideration ; but in some of the later cases written memoranda are found of considerable

importance in establishing such a declaration of trust as equity would now be disposed to carry into effect out of regard to the mutual intention of donor and donee."

In 1 Parsons Contracts (7th ed.), p. 235, it is said: "It is essential to a gift, that it goes into effect at once, and completely. If it regards the future, it is but a promise; and being a promise without consideration, it can not be enforced, and has no legal validity. Hence delivery is essential to the validity of every gift; for not even a court of equity will interfere to enforce a merely intended or promised gift. There is, it is true, some authority for supposing that a gift *inter vivos* may be valid without delivery, if there be a distinct acceptance. But this is not the law. Nor will transfer by writing alone satisfy the requirement of delivery." See 2 Kent (12th ed.), pp. 438 and 439; *Payne* v. *Powell*, 5 Bush, 248; Bishop Contracts, section 82; *Green* v. *Langdon*, 28 Mich. 222; *Smith* v. *Dorsey, supra*; *Smith* v. *Ferguson*, 90 Ind. 229; *Devol* v. *Dye*, 123 Ind. 321.

There was no title to the note or the money collected upon the same passed by the writing to the appellant. The court properly sustained the demurrer to the complaint.

There is no error in the record.

Judgment affirmed, with costs.

Filed April 22, 1891.