## IN THE MATTER OF THE ESTATE OF HAZEL WORKMAN, DECEASED

[No. 470A68. Filed September 29, 1970. No petition for rehearing filed.]

---

* While Judge Cooper participated in a conference of the Judges, and concurred in this opinion, his untimely death occurred before the filing of this opinion.

*John L. Fox,* of Indianapolis, for appellant.

*Leroy A. Freiherr, Harry A. Rider,* of Indianapolis, for appellees.

LOWDERMILK, C.J.—The appellees, Mary Ellen Rhodes and Betty A. Kalleen, Guardian Ad Litem of James L. Kalleen, Jr. and Sheryl Kalleen, minors, were devisees under the Last Will and Testament of Hazel Workman, deceased.

Appellant, Shideler Harpe, Sr., was named the Executor of the estate in such will and he declined to qualitfy and accept the appointment as Executor of said estate.

Shideler Harpe, Jr., son of the named Executor, Shideler Harpe, Sr., brought an action to contest the will and Schideler Harpe, Sr. took no action to defend the action contesting the will.

The above named appellees, as devisees under the will, employed attorneys LeRoy A. Freiherr and Harry A. Rider to represent them in the defense of such will contest. The action contesting the will was decided by jury, which returned its verdict in favor of the appellant and against the appellees herein. Afterward, appellees, as such devisees, sought to recover their attorneys' fees incurred in the defense of said will contest from the estate of their decedent, Hazel Workman.

The trial court heard evidence on appellees' amended petition for allowance of attorneys' fees and awarded the attorneys the sum of $1,475.00 as such fees.

The appellant timely filed his motion for new trial, stating as reasons therein that such order and award of attorneys' fees made by the court was contrary to law. The court overruled appellant's motion for a new trial. It is the overruling of appellant's motion for a new trial which is the subject of appellant's assigned error that the award of attorneys' fees

was contrary to law, and which is the basis of the appeal to this court.

Appellant, in his brief, concurs that the facts set out in the amended petition for the allowance of attorneys' fees are correct; that the Executor named in the will took no action to defend the purported will and that he (the Executor named in the will) did not retain nor employ Rider & Freiherr, attorneys, to defend the will or to have the same admitted to probate; that Rider & Freiherr, attorneys, did represent the devisees under the will in the trial of the will contest.

Appellant, Shideler Harpe, Sr., the designated Executor of the decedent's estate, contends that the award of the attorneys' fees was contrary to law in that claimants' attorneys did not qualify as counsel for any parties or persons designated by statute as those being allowed attorneys' fees from the estate for counsel in a will contest.

The statute on which appellant relies is Burns' Rev. Stat. § 7-414, and reads as follows:

"7-414. Allowance in will contest.—When any person designated as Executor in a will, or the administrator with the will annexed, or if at any time there be no such representative, then any devisee therein, defends it or prosecutes any proceedings in good faith and with just cause for the purpose of having it admitted to probate, whether successful or not, he shall be allowed out of the estate his necessary expenses and disbursements including reasonable attorney's fees in such proceedings."

The appellant further contends that appellees acknowledged that Shideler Harpe, Sr., was the designated Executor under the contested will and attorneys Rider & Freiherr did not represent him.

Appellant further contends that it is only in cases where there is no designated Executor that Burns' Rev. Stat. § 7-414 permits a devisee to defend or prosecute a will contest and have attorneys' fees paid from the estate. Appellant further argues that there was a designated Executor in the con-

tested will and thus, no devisee can recover under the provisions of the statute, namely, § 7-414.

Appellant cites as authority for his argument the case of *Fickle* v. *Scampmorte* (1962), 243 Ind. 165, 183 N. E. 2d 838.

The appellees contend that they, as devisees under the Last Will and Testament of Hazel L. Workman, deceased, prosecuted the probate proceedings of such will and defended such will in good faith and with just cause for the purpose of having said will admitted to probate; and, although unsuccessful in defending such will, they are entitled to an allowance out of the estate of said decedent of their necessary expenses, including attornys' fees, incurred in such proceeding.

It is appellees' further contention that when the Executor named in such will, having an interest adverse to the devisees, took no action to offer it for probate or defend it in a will contest, that at such time there was no Executor or Administrator with the will annexed and that they, as devisees, being forced to defend such will are entitled to their expenses and attorneys' fees incurred in said defense.

In *Fickle et al.* v. *Scampmorte et al.*, *supra*, Judge Arterburn of our Supreme Court, after quoting from the Probate Code, § 7-414, *supra*, said:

> "This statute provides first, that where a will has been probated, those who have the right to defend a will shall be allowed fees and expenses for defending it. Secondly, where a purported will is offered for probate in good faith, those who have the prior right to prosecute its probate, regardless of success, shall be entitled to necessary fees and expenses. In the latter case this would be the executor named in the purported will and if none is named, then 'any devisee therein.' "

In the *Fickle* case there was no contest as to the amount of the attorneys' fees where the court made an allowance for expense money and attorneys' fees to be allowed after final adjudication that the purported will should not be probated. Likewise, in the case at bar there is no contest as to the amount

of the fee allowed, and further, the appellant agrees that the proceedings to probate the purported will, which terminated unsuccessfully, were brought "in good faith and with just cause."

Prior to the adoption of the new Probate Code, of which Burns' Rev. Stat. § 7-414 is a part, a party who defended the will, if unsuccessful, could not be compensated for his services and expenses from the estate. Success was mandatory before he could be paid out of the proceeds of the estate. In drafting the present law the Commission commented:

> "Model Probate Code Comments (§ 104). If a personal representative prosecutes or defends in proceedings to construe a will, he can recover expenses and attorney's fees without a statute such as this. This section is necessary only because, if probate is denied, it might be claimed that a personal representative named in it or defending it is not entitled to expenses and attorney's fees."

Our General Assembly has enacted, under the Probate Code, statutes which it intended, in our opinion, to avoid the very problem we have here.

Burns' Rev. Stat. § 7-401 (a) (4), under our Probate Code, reads as follows:

> "(a)  Domiciliary letters testamentary or domiciliary letters of general administration may be granted to one (1) or more of the persons hereinafter mentioned, natural (including married women) or corporate, who are not disqualified, in the following order:
> *   *   *
> "(4)  If there is no executor named in the will, or if the executor named in the will does not qualify, or if there is no surviving spouse or next of kin, or if no such person files a petition for letters within thirty (30) days after the date of the death of the decedent, then to any other qualified person."

The record reveals that the decedent died January 8, 1968, and further that on January 25, 1968, the will was offered for probate by appellees. On January 25, 1968, Shideler Harpe,

Jr. filed objections with the Probate Court, objecting to the probate of the Last Will and Testament, with such objections being filed prior to such Last Will and Testament being admitted to probate. The Marion County Probate Court, in compliance with the statute and to preserve the estate, ordered said Last Will and Testament to be impounded by the Clerk of such court and continued the probate for thirty days and appointed a Special Administrator to manage the assets of the estate pending the determination of the validity of such Last Will and Testament.

In the case of *Doan* v. *Herod* (1914), 56 Ind. App. 663, at page 666, which was determined under the old Probate Code, the court said the following as to the powers of the designated Executor under a will who did not qualify and to whom no Letters Testamentary were issued:

"... The executor not having qualified, and no letters testamentary having been issues to him, he was not the official representative of the estate, with power to bind it as an officer of the court. ..."

Henry's Probate Law and Practice, Vol. 1, Will Contests, p. 263, § 9 (1954), reads as follows:

"§ 9. Defense of the will.—The statute contemplates that the personal representative, whether executor or administrator with the will annexed, may seek to have the will admitted to probate in good faith, and for just cause, or may defend it against attack. In such case, the personal representative receives his necessary expenses and disbursements, including reasonable attorney's fees, whether or not successful. If there is no personal representative, then the devisee may also defend, and can in such case recover fees and expenses. The statute thus contemplates a public policy that the will must be defended and the testator's intent preserved if the will was validly executed.

"In the absence of such a provision, it is doubtful that costs and expenses may be awarded to the personal representative in will contests.

"Under the former rule the potential executor in an unsuccessful will defense could not recover his costs."

A testator's naming the Executor of his will is proper and gives the testator an opportunity to place his property in the hands of one in whom he has complete confidence, subject to the scrutiny and direction of the court. It cannot be heard to be said that the testator's naming of an Executor under his will in and of itself clothes the Executor with any rights, duties or powers. The court can refuse, on reasonable grounds, to appoint such designated Executor and appoint an outsider. It is only when the will has been duly probated in a court of competent jurisdiction and the designated Executor appears and has the requisite qualifications under our statute and then qualifies as such Executor by taking and subscribing to his oath as such and by filing with the court his bond in the amount established by the court, unless a bond be waived by the terms of the will and that provision be accepted by the court and the bond be waived, that the named Executor becomes the Executor in fact and is an officer of the court and has the responsibility of caring for the assets of the state along with the other attendant responsibilities.

The designated Executor having not qualified leaves the devisees under the will in the same position as they would have been had the decedent not named an Executor by the terms of her will. In such an event there would be no such representative as defined in Burns' Rev. Stat. § 7-414, *supra*, and there is no merit in appellant's contention that the devisees' attorneys did not qualify as counsel for any of the parties or persons designated by statute as those being allowed attorneys' fees from the estate for counsel in a will contest.

For this court to hold otherwise would permit persons designated in positions of trust in probate matters, where that designated person might have an interest adverse to the estate, to drag his heels, so to say, and thereby foil the intent of the testator who had confidence in the designated Executor, and could lead to fraud.

The devisees named in said will did the only thing left for them to do to protect their interests under the law when Shiedeler Harpe, Sr., refused to accept appointment as Executor, qualify as such, and carry out his trust. When he declined to accept the appointment, qualify, and assume his duties thereunder, the estate was in the exact situation it would have been had the testatrix not named an Executor in her will.

Under the facts presented, the appellees are entitled to the necessary expenses and attorneys' fees they incurred as devisees in defending the Last Will and Testament of Hazel Workman, deceased.

The judgment of the Marion County Probate Court in awarding such fees from said estate was not contrary to law and said judgment is hereby in all things affirmed.

Judgment affirmed.

Carson, Cooper* and Sullivan, JJ., concur.

NOTE.—Reported in 262 N. E. 2d 408.

* While Judge Cooper participated in a conference of the Judges, and concurred in this opinion, his untimely death occurred before the filing of this opinion.