**Frank L. HOPPING, Executor of the Estate of Kathleen C. Hopping, Deceased, Appellant (Plaintiff Below),**

v.

**Patricia G. WOOD, Appellee (Defendant Below).**

**No. 15A01–8711–CV–00278.**

Court of Appeals of Indiana, First District.

Aug. 15, 1988.

Rehearing Denied Oct. 26, 1988.

Douglas R. Denmure, Aurora, for appellant.

James C. Puckett, Reller, Mendenhall & Kleinknecht, Puckett, Milligan & Cross, Richmond, for appellee.

ROBERTSON, Judge.

Frank L. Hopping, Executor, brought this action on behalf of the estate of his deceased wife, Kathleen C. Hopping, (Greathouse) for the recovery of a coin collection and certain U.S. treasury notes in the possession of the decedent's daughter, Patricia G. Wood. Both parties moved for summary judgment. The trial court grant-

ed summary judgment in favor of the appellee-defendant Wood, concluding that the decedent had made a gift *inter vivos* of the coin collection and treasury notes which had been stored in a safety deposit box leased by the decedent in Wood's name.

We reverse and remand.

These are the relevant undisputed facts.[1] Greathouse died testate on July 17, 1980. Several years before her death, Greathouse rented a safety deposit box, naming herself as lessee. Subsequently, after the death of her husband, her remarriage, and the discovery that she had cancer, Greathouse arranged to have Wood substituted as the lessee of the box and designated herself as deputy. Greathouse instituted the change on or about April 30, 1977. She did not formally surrender the box or the box keys at that time.

Greathouse continued to use the box to store her own personal property. She retained a key and as deputy had unrestricted access to the box. Bank records indicate that she made all but one entry into the box after the change, entering 35 times. She also made all rental payments on the box but the one immediately preceding her death. Wood never used or entered the box prior to Greathouse's death except to store the codicil to Greathouse's will.

The coin collection and treasury notes in dispute were placed in the box by Greathouse and were in the box at the time of her death among other items of personal property owned by Greathouse. Bank records show seven of the eleven notes were purchased by Greathouse after the change in lessee. Wood did not know the nature and extent of the notes or collection until she removed the property from the box after Greathouse's death.

---

1. Our disposition of this appeal is premised upon the determination that facts alleged by Wood or contained in her deposition which would be inadmissible at trial by reason of the dead man's statute, IND.CODE 34–1–14–6, are not properly considered in determining whether summary judgment was appropriate. Evidentiary material in support of a summary judgment must set forth facts which in form and character are capable of being admitted as substantive evidence in a trial of the cause. *See e.g. Middelkamp v. Hanewich* (1977), 173 Ind.App. 571, 364 N.E.2d 1024, 1030, *trans. denied; Bell v. Horton* (1980), Ind.App., 411 N.E.2d 648; *Moll v. South Central Solar Systems, Inc.* (1981), Ind. App., 419 N.E.2d 154, 159; *Cromer v. Sefton* (1984), Ind.App., 471 N.E.2d 700, 705.

Greathouse left no writing identifying the owner of the coin collection and treasury notes. She did not make any specific disposition of the collection or notes in her will. Apparently, Greathouse told no one other than Wood about her desire to make a gift of the notes to Wood or of her intent to give the coin collection in equal shares to Wood and her brother.

Ind.Rules of Procedure, Trial Rule 56 provides that summary judgment is appropriate only where there is no genuine issue as to any material facts and the moving party is entitled to judgment as a matter of law. Hopping contends the trial court erred by granting summary judgment in favor of Wood because genuine issues of material fact exist. However, in his own motion for summary judgment, Hopping stated there was no genuine issue as to any material fact. It is true as cited by Hopping that the trial court is required to consider each motion separately construing the facts most favorably to the non-moving party in each instance. *Young v. City of Franklin* (1986), Ind., 494 N.E.2d 316, 317. However, in the case at bar there are no genuine issues of material fact in dispute. The disagreements between the parties are as to the conclusions to be drawn from the agreed facts.

■ A gift *inter vivos*, as distinguished from a testamentary gift, or one made in contemplation of death, is one by which the donee becomes in the lifetime of the donor the absolute owner of the thing given. Succinctly stated, for a valid gift *inter vivos* of personal property, there must be a delivery of the property with an intention to give. *Gammon Theological Seminary v. Robbins* (1890), 128 Ind. 85, 89, 27 N.E. 341. The donor must intend to part irrevocably with absolute title and control of the thing given at the time of making the gift. A present title must vest in the donee. *Id. See also, Smith, Adm'r. v. Dorsey* (1872), 38 Ind. 451, 453; *Smith,*

*Adm'r. v. Ferguson* (1883), 90 Ind. 229; *Kraus v. Kraus* (1956), 235 Ind. 325, 330, 132 N.E.2d 608. An intention or promise to make a gift effective in the future is void as being without consideration. *Id.*

■ Delivery is an indispensable requirement without which a gift fails, regardless of the consequences.[2] *Zorich v. Zorich* (1949), 119 Ind.App. 547, 554, 88 N.E.2d 694; *Robbins, supra* 128 Ind. at 89, 27 N.E. 341. Without an actual delivery, no title passes. *Wyble v. McPheters* (1876), 52 Ind. 393, 400.

■ Delivery of the alleged gift must be made during the donor's lifetime with both an intention to give and a relinquishment by the donor of all dominion and control over the thing alleged to be given. *Zorich, supra; Kraus, supra.* In order to consummate the gift, the donor must have transferred possession of the thing either to the donee in person, or to someone for his use under such circumstances as to affect the person to whom delivery is made with a trust or duty in the donee's behalf. *Devol v. Dye* (1889), 123 Ind. 321, 325, 24 N.E. 246; *Crawfordsville Trust Co. v. Ramsey* (1913), 55 Ind.App. 40, 67, 100 N.E. 1049; *Grant Trust & Savings Co. v. Tucker* (1911), 49 Ind.App. 345, 350, 96 N.E. 487; *Wyble, supra; Smith v. Dorsey, supra.* It must be so complete that if the donor again assumes control of the property without the consent of the donee he becomes liable as a trespasser. *Zorich, supra.*

■ While a delivery is absolutely necessary to the validity of a gift, it is not necessary that there should always be a manual transfer of the thing given. It will be sufficient if the delivery be as complete as the thing and the circumstances of the parties will permit. *Robbins, supra.*

■ As Hopping points out, the undisputed facts are insufficient to establish a

---

**2.** The requirement that there be an actual delivery of the chattel to the donee, so as to transfer possession to him applies with equal force to a gift *mortis causa. See Smith v. Ferguson,* 90 Ind. at 233; *Smith v. Dorsey,* 38 Ind. at 456; *Devol v. Dye,* 123 Ind. at 324, 24 N.E. 246. We

make this point for purposes of showing that the trial court's grant of summary judgment cannot be affirmed on the ground that the facts alleged show a valid gift *mortis causa. See Havert v. Caldwell* (1983), Ind., 452 N.E.2d 154, 157.

delivery of the coins and notes with both an intention to give and a relinquishment of dominion and control over the thing alleged to be given. Two Indiana Supreme Court decisions elucidate the deficiency in this case. In *Devol v. Dye, supra,* a gift *mortis causa* case, the donor, a banker, placed a bag of coins which he had marked with the name of his cousin in a tin box which he kept in a private drawer of the bank safe and in which he kept other valuables belonging to him personally. He entrusted the key to the box to the bank's cashier. While in bed with his last illness, the donor told the cashier that it had always been his purpose to give his cousin a certain amount of money and directed the cashier to bag and set aside additional coins for his cousin and an envelope for one Nickerson. He directed further that in case of his death, the cashier should deliver the coin sacks and envelope to the parties indicated by the writing on them. The court upheld the gift, concluding that by relinquishing the key to his private drawer and tin box to the cashier of the bank, the donor had thereby effectually surrendered, so far as could be, all dominion over the gifted property and had afforded to the donee the means of obtaining possession of it.

We compare the result in *Devol* with the court's decision in *Ogle v. Barker* (1946), 224 Ind. 489, 68 N.E.2d 550. There, the donor directed his banker to add the name of the donee to his checking account, and the issue before the court was whether one-half of the account belonged to the donee at the time of the donor's death. The court stated that the oral direction and acceptance of that direction by the banker would be sufficient to constitute a delivery if the donor's intent to make a gift were established and control had been relinquished. The court concluded that neither the intent requirement or the requirement that control be relinquished had been met. The court noted that the donor *could* have withdrawn the entire account at any time, working a complete revocation of the change to joint names. The court also noted that the only showing of an intent to make a gift was the change to joint names; it held the mere fact that money had been deposited to the credit of the owner and another was not sufficient to show an intent to make a gift, because such a form of deposit was entirely consistent with the desire on the part of the owner to give the co-depositor the authority to withdraw for the owner. The court determined that the addition of the name to the account was qualitatively different from a statement by the donor that he was giving all or part of the account.

When one considers the factual circumstances involved in the case at bar in light of *Devol* and *Ogle,* one must conclude that the undisputed facts are insufficient to show a relinquishment of control and an intent to make a gift. The parties agree that Greathouse had unrestricted access to the box after the substitution of lessees and did in fact enter the box repeatedly. More importantly, she did nothing affirmatively to relinquish control over the box; she merely provided her daughter with access. The agreed fact that Greathouse was knowledgeable about banking matters strongly supports the inference that she knew that in order to ensure Wood's access to the box after her death, Wood would need to be more than her deputy; she would have to be the lessee. Also, Wood never knew the extent of the gift, and there is no independent evidence that any of Greathouse's personal belongings had been set aside or that once placed in the box, the alleged gifted articles remained there untouched. Any gift was therefore always subject to revocation by Greathouse. Finally, as in *Ogle* the only showing of an intent to make a gift was the substitution of the box's lessee.

Wood argues that *Ogle* is distinguishable because that case involved joint ownership of a bank account while this case involves an actual change in owners. However, the question here is not ownership or legal possession of the box but present title or interest in the box's contents. Had there been evidence that the parties in fact treated the box as if a change in possession of the box meant a change in possession of the contents, for example, that Greathouse

acted on Wood's behalf in entering the box, Wood's distinction might be a valid one.

We believe it necessary to address two appellate decisions involving safety deposit boxes argued by the parties: *Hayes v. McKinney* (1920), 73 Ind.App. 105, 126 N.E. 497 and *Rule v. Fleming* (1926), 85 Ind.App. 487, 152 N.E. 181. In *Hayes, supra,* the court considered whether the placement of bonds in a safety deposit box constituted a valid gift *inter vivos.* The donor announced to the bank president his desire to give the bonds to his sister, and rented a box for that purpose. The donor had a bank employee mark an envelope with his sister's name and place the bonds in the envelope and in the box. The donor left a key for his sister but kept a key for himself. The evidence showed that the donor returned to the box, clipped the interest coupons from the bonds, and removed the bonds, depositing them in his own name in another box. The court held that there had been no such delivery as the law requires, concluding that the donor's actions fell short of the absolute parting of dominion and control required by *Devol.*

*Fleming* involved facts nearly identical to those involved in *Hayes* but the court concluded that the donor had made a valid gift. In that case, however, there was no evidence that donor had ever returned to the box after she placed the personal property designated for her brother in the box.

Our conclusion that summary judgment in favor of Hopping is appropriate in this case is not weakened by the decision in *Fleming* for two reasons. First, the evidence in this case is undisputed that Greathouse returned to the box repeatedly and acquired the interest coupons. While there is no evidence that she did revoke all or a portion of the alleged gift, the evidence does not preclude the possibility that she did. Second, unlike both *Fleming* and *Hayes* where the donors expressed their intents to make a gift to the particular donees on numerous occasions, orally and in writing, in the case at bar there is no evidence, other than the change in lessee from which the court might even infer that such an unmistakable intent to make a gift

existed. On this basis, and for the reason stated previously that Greathouse failed to surrender dominion and control so far as she could, we hold that Hopping is entitled to summary judgment as a matter of law. We reverse the trial court's award of summary judgment in favor of Wood, and remand with instructions to enter summary judgment in favor of Hopping.

Judgment reversed and remanded.

NEAL and STATON, JJ., concur.