Frank SHOUREK, In His Capacity as Successor Administrator of the Estate of Lillian Jonas, Deceased, Appellant–Plaintiff,

v.

Suzanne M. STIRLING and Jack Stirling, Appellees–Defendants.

No. 37A03–9412–CV–453.

Court of Appeals of Indiana.

June 20, 1995.

Richard J. Rupcich, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellant.

Lewis D. Dellinger, Jr., Dellinger, Dellinger & Smith, Monticello, for appellees.

**OPINION**

STATON, Judge.

Frank Shourek, ("Shourek") in his capacity as successor administrator of the estate of Lillian Jonas, appeals from the trial court's grant of summary judgment in favor of Suzanne and Jack Stirling (collectively "Stirling"). In his appeal, Shourek presents three issues for our review which we consolidate into one and restate as whether the trial court erred in granting summary judgment in Stirling's favor.

We reverse and remand.

The facts most favorable to the judgment reveal that Stirling and the decedent, Lillian Jonas, ("Jonas") were joint holders of a checking account ("Easy Green Account") and four certificates of deposit ("CD'S") both of which Jonas was the sole monetary contributor. Jonas named Stirling a joint holder on these accounts between April and July 1990. The accounts provided that Stirling and Jonas were joint holders with rights of survivorship and that either party retained the right to withdraw funds without the other party's signature. Jonas fell critically ill on February 28, 1991 and on March 2, 1991 just prior to Jonas' death, Stirling withdrew approximately $65,000 from these accounts. Later that day, Jonas died intestate.

Shourek, Jonas' nephew, then brought a conversion action against Stirling alleging that Stirling was not entitled to these funds because title did not pass to Stirling until Jonas' death. The trial court granted summary judgment in Stirling's favor and this court affirmed determining that the estate had no claim of title to the accounts because the accounts became the sole property of the surviving joint tenant and thus, the estate could not fulfill the elements of a conversion action. *See Shourek v. Stirling* (1993), Ind. App., 607 N.E.2d 402.

On transfer, the Indiana Supreme Court determined that in order for Stirling to benefit from the presumption of survivorship in the multi-party accounts statute, the funds must remain in the account when the joint owner died. The court concluded that Stirling had no survivorship rights because she depleted the accounts prior to the decedent's death. The court then ordered the case to be remanded in order for the trial court to examine whether Stirling acquired ownership of the accounts prior to Jonas' death by inter vivos gift. *See Shourek v. Stirling* (1993), Ind., 621 N.E.2d 1107.

On remand, the trial court initiated an evidentiary hearing on the issue of the inter vivos gift but then aborted the hearing and ordered the parties to brief the issues so that a summary judgment ruling could be completed. After submission of the briefs, the trial court entered findings of fact and conclusions of law and granted summary judgment in Stirling's favor on the grounds that Jonas gave the accounts to Suzanne Stirling as an inter vivos gift.

Shourek now contends that the trial court erred in granting summary judgment in Stirling's favor because Stirling cannot prove by clear and convincing evidence that Jonas made an inter vivos gift of the Easy Green Account and the four CD's.[1]

---

1. Shourek also raises the issue that the trial court failed to follow the instructions of the Indiana Supreme Court to weigh evidence and make a factual determination regarding the inter vivos gift. Shourek contends that the summary judgment is not a substitute for a trial determining factual issues and that the trial court's disposition by summary judgment was inappropriate. The Indiana Supreme Court stated:

    The factual findings of the trial court did not consider evidence or determine this issue. As

    a court of review, we may not usurp the trial court's function of making factual findings and determinations. Consequently, we remand the case to the trial court to weigh the evidence and determine whether an inter vivos gift occurred.

    *Shourek v. Stirling* (1994), Ind., 621 N.E.2d 1107, 1110.

    This ruling merely stated that the factual findings of the trial court did not consider the evidence of inter vivos gift and that it was within

■ When reviewing the grant or denial of summary judgment, we use the same standards used by the trial court. *Ramon v. Glenroy Construction Co., Inc.* (1993), Ind. App., 609 N.E.2d 1123, 1127, *trans. denied.* Summary judgment is appropriate only when the evidentiary matter designated by the parties shows that there are no genuine issues as to any material fact and that the moving party is entitled to summary judgment as a matter of law. *Id.;* Ind.Trial Rule 56(C).

■ Where material facts conflict or undisputed facts lead to conflicting inferences, summary judgment is inappropriate, even if the court believes the non-moving party will not succeed at trial. *Greathouse v. Armstrong* (1993), Ind., 616 N.E.2d 364, 366.

■ Specific findings and conclusions entered by the trial court when ruling on motions for summary judgment merely afford the appellant an opportunity to address the merits of the trial court's rationale. *Campbell v. Spade* (1992), Ind.App., 617 N.E.2d 580, 582. The specific findings and conclusions also aid in our review by providing us with a statement of reasons for the trial court's actions. However, they have no other purpose. *Id.* Rather than relying upon the trial court's findings and conclusions, we must base our decision upon the T.R. 56(C) materials properly presented to the trial court. *Id.*

■ We note that Ind.Code 32–4–1.5–4 provides that sums remaining on deposit at the death of a party to a joint account belong to the surviving party or parties as against the estate *unless there is clear and convincing evidence of a different intent at the time* the account is created. This statute creates the presumption that a survivor to a joint account is the intended receiver of the proceeds in the account. *Matter of Estate of Banko* (1993), Ind., 622 N.E.2d 476, 480, *reh. denied.*

■ A gift inter vivos, as distinguished from a testamentary gift, or one made in contemplation of death, is one by which the donee becomes in the lifetime of the donor the absolute owner of the thing given. *Hopping v. Wood* (1988), Ind.App., 526 N.E.2d 1205, 1207, *trans. denied.*

■ A gift inter vivos occurs when: (1) the donor is competent to contract; (2) the donor has freedom of will; (3) the donor intends to make a gift; (4) the gift is completed with nothing left undone; (5) the property is delivered by the donor and accepted by the donee; and (6) the gift is immediate and absolute. *Lucas v. Frazee* (1984), Ind.App., 471 N.E.2d 1163, 1168.

■ With respect to bank accounts, the mere fact that money is deposited in a joint account to the credit of the owner and another is not sufficient to show an intent to make a gift to the other. *Rogers v. Rogers* (1982), Ind.App., 437 N.E.2d 92, 96. There must be intent to give and deliver, and an irrevocable surrender of control of the funds. *Id.*

Shourek contends that the facts do not support the trial court's conclusion by clear and convincing evidence that Jonas intended to convey an inter vivos gift to Stirling. Shourek argues that the facts unerringly lead to the conclusion that Jonas intended for Stirling to receive the funds at her death not at the time she named Stirling as a joint holder.[2]

the trial court's sole province to make factual determinations. This ruling does not preclude the trial court from making a decision on summary judgment grounds if the parties presented no genuine issues of material fact. Therefore, we determine that the trial court's ruling on summary judgment did not contravene the Indiana Supreme Court's instruction, and we reject Shourek's contention that this case should be remanded on this ground.

**2.** We note that Shourek also raises the issue that Stirling's testimony and affidavits should be barred by Indiana's Dead Man Statute, I.C. 34–1–14–6, which renders any person incompetent to testify as a witness in an action involving an administrator of an estate if that person has an interest adverse to the estate. However, the record indicates that the trial court initially noted in its conclusions of law that it applied the statute and disregarded the affidavits and testimony of the Stirlings in reaching its decision. Moreover, Stirling states that because the trial court did not consider the affidavits, the issue of their admissibility has become moot. Appellee's Br. at 14. Thus, neither party disputes the trial court's application of the statute to exclude Stirling's affidavits and testimony. An issue becomes moot when the principle questions have ceased to be

Shourek notes that Jonas was aware that the contract for both the Easy Green Account and the CD's specifically stated "[e]ach of you intend that upon your death the balance in the account (subject to any previous pledge to which we have consented) will belong to the survivor(s)." Moreover, Shourek indicates that Stirling understood that the monies were only hers at Jonas' death as evidenced by Stirling's failure to exercise any control of the funds at any time prior to Jonas' imminent death.

Shourek further contends that Jonas did not execute complete delivery of the gift in that she retained control of the Easy Green Account checkbook and withdrew funds from that account to pay personal expenses. Shourek also argues that this was not an inter vivos gift because Stirling could not exercise exclusive dominion and control over the funds because Jonas could at any time retrieve the funds or demand their return without being considered a trespasser. Shourek also notes that Jonas received all the dividend income from these accounts as well.

When the joint Easy Green Account was opened, Stirling contends that Jonas' intent to make an inter vivos gift is reflected in her decision to forgo the payable upon death provisions which were readily available. After the Account was opened, Jonas never used it. Too, the CD's were turned over to Stirling to hold in her possession. Stirling also notes that the joint signature cards were signed in the names of Jonas *or* Stirling for each CD and the Easy Green Account, and that Jonas was aware and allowed Stirling to have a right of withdrawal on the funds.

Stirling also contends that Jonas gave up control of the funds and properly delivered the gift as evidenced by Stirling's possession of the CD's which were locked in Stirling's cottage of which Jonas could not gain entry. Finally, Stirling notes that while Jonas did keep the checkbook for the Easy Green Account in her mobile home, Stirling had a key to gain access to Jonas' home and thus, could retrieve the checkbook at any time.

■ Our review of the materials presented to the court on the summary judgment motion set forth undisputed material facts which raise conflicting inferences regarding Jonas' intent at the time she named Stirling as a joint holder on these accounts. Where undisputed facts lead to conflicting inferences, such a case cannot be decided by summary judgment. *Greathouse, supra*, at 366. Moreover, this court has determined that the donor's intent is generally a question of fact for the trial court. *Lucas, supra*, at 1168 and *see Norman v. Norman* (1960), 131 Ind. App. 67, 169 N.E.2d 414, 419–420 (issue of whether donor's intent to make gift was affected by undue influence was question of fact for the jury). Therefore, we determine that it was improper for the trial court to determine the issue of Jonas' intent by summary judgment.

Additionally, the parties present conflicting evidence regarding whether Stirling exercised exclusive control over the Easy Green Account and whether Jonas still used this account to pay her personal expenses. Because certain issues of fact exist regarding whether the gift was delivered by the donor and accepted by the donee, and whether there was an irrevocable surrender of the funds, we determine that summary judgment was inappropriate. *Greathouse, supra*, at 366.

We therefore reverse the grant of summary judgment in Stirling's favor and remand this cause to the trial court for further proceedings consistent with this opinion.

GARRARD, J., concurs.

HOFFMAN, J., dissents and files separate opinion.

HOFFMAN, Judge, dissenting.

I respectfully dissent. Review of the opinion by our supreme court discloses that evidence allowing a determination in favor of Stirling existed but had not been considered by the trial court in light of whether an *inter vivos* gift was contemplated. *See Shourek v.*

matters of real controversy between the parties. *Matter of Tina T.* (1991), Ind., 579 N.E.2d 48, 52. We therefore determine that because no contro-

versy exists regarding the application of the Dead Man's Statute, this issue is moot.

*Stirling* (1993), Ind., 621 N.E.2d 1107, 1110 (court noted that as court of review could not "usurp" trial court's factual determination function). The cause was remanded for the factual determination. *Id.* On remand, the trial court found from unrefuted evidence that the intent of Jonas was to make *inter vivos* gifts.

In summary judgment proceedings where material facts are not in dispute, the issue is the application of the law to the facts. *Fidelity Financial Services v. Sims* (1994), Ind. App., 630 N.E.2d 572, 574. Here, the trial court applied the law to the facts and determined Jonas' intent. Shourek's contention that the undisputed evidence could lead to the opposite result is merely a request to ignore the undisputed evidence.