**Vicki HEAPHY, Appellant,**

v.

**Randy OGLE, Appellee.**

**No. 46A03–0806–CV–276.**

Court of Appeals of Indiana.

Nov. 14, 2008.

---

Steve Bom, LaPorte, IN, Attorney for Appellant.

Amber L. Lapaich, Steven C. Snyder & Associates, Michigan City, IN, Attorney for Appellee.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Vicky Heaphy appeals the trial court's determination that a 1957 Chevrolet Corvette (the "Corvette") was a gift to Randy Ogle, the executor of the Estate of Stuart Terry (the "Estate").

We affirm.

### ISSUES

1. Whether the trial court erred in not appointing a special personal representative to examine Ogle's petition to determine ownership of the Corvette.

2. Whether the trial court erred in determining that Terry had made an inter vivos gift of the Corvette to Ogle.

3. Whether the trial court erred in finding no breach of Ogle's fiduciary duty to the Estate.

### FACTS

On June 12, 2007, Terry executed a will, leaving all of his property to his daughters, Heaphy and Patty Terry. The will named Ogle, Terry's nephew, as the executor.

Terry died on August 8, 2007. Terry's will was offered and admitted to probate in the LaPorte Circuit Court on August 16, 2007. Also on August 16, 2007, the trial court appointed Ogle as the personal representative of the Estate and authorized him to administer the Estate in an unsupervised capacity. On November 27, 2007, however, the trial court ordered that the Estate be administered with court supervision. The trial court also ordered that an inventory and accounting of the Estate be filed on or before December 7, 2007.

On December 5, 2007, Ogle, as the Personal Representative of the Estate, filed a petition to determine the ownership of the Corvette. He alleged that "[s]even to 10 days before his death," Terry signed and delivered the Corvette's title to him, with the intent to gift the Corvette to him. (App. 25). The trial court held a hearing on Ogle's petition on March 4, 2008.

During the hearing, Kendra Hogan, a hospice nurse, testified that she was employed in the summer of 2007 to help care for Terry in his home. She testified that "around the 25th" of July, she was present when Terry "appeared to be signing an automobile title," which he then handed to Ogle. (Tr. 10, 8). On that day, she "charted" Terry as "alert and oriented times 3, which means he knew who he was, where he was and the day it was." (Tr. 8).

Ogle also testified that Terry signed and delivered the Corvette's title to him "at least ten days or more before he died." (Tr. 14). According to Ogle, this "was a complete surprise to [him]," but he understood that Terry meant for him to "finish restoring the car." (Tr. 12, 13). Ogle obtained a new title for the Corvette on or about October 9, 2007. As of the date of the hearing, however, he had not taken possession of the Corvette, which is "not drivable[.]" (Tr. 12).

Heaphy testified that she was Terry's attorney-in-fact and was present "[s]even, five days" prior to Terry's death, when he signed the title to the Corvette. (Tr. 20). She further testified that Ogle removed the title from Terry's home "around August 3rd." (Tr. 21).

On March 12, 2008, the trial court found and ordered, in pertinent part, as follows:

1. The decedent herein, Stuart Terry, died August 8, 2007, testate. In his Last Will and Testament he named his executor, Randy Ogle.

* * *

3. Prior to his death, [Terry] was the owner of a certain 1957 Chevrolet Corvette automobile.

4. [Terry] was afflicted with cancer and was being treated at home by the local hospice agency. This care was rendered by one Kendra Hogan, a registered nurse.

5. Ms. Hogan testified that she visited [Terry] approximately two to three times per week, and on or about July 25, 2007, she was present when [Terry] and [Ogle] were present at the home. [Terry] had the title to the [Corvette] and a pen and appeared to sign the title and physically transfer it to [Ogle]. . . .

6. [Ogle] is a nephew of [Terry]. The [Corvette] has been appraised at approximately $8,500.00[.] . . . On the day in question, [Terry] got the title, signed it in the presence of [Ogle] and handed it to him. [Ogle] was surprised at these actions and his belief was that [Terry] gave him the car to finish the restoration of it as its owner. . . .

7. The title as delivered to [Ogle] was signed by [Terry] but the transferee was blank. In approximately October 2007, [Ogle] placed his name on the title and caused the same to be re-titled in his name at the Bureau of Motor Vehicles. . . .

8. [Heaphy] testified that in 2006 and 2007 she resided with [Terry]. . . . She further indicated that [Terry] signed the title in her presence approximately 5 to 7 days before his death. . . . [S]he believes that on August 3 [Ogle] took the title . . . from [Terry]'s safe. While she requested these items back [Ogle] would not return [it].

9. Much testimony was presented that [Heaphy] held a valid Power of Attorney from [Terry] prior to his death. While this is acknowledged by the Court, the Court understands also that the existence of a Power of Attorney does not vitiate the ability of the grantor of a Power of Attorney to execute documents or perform actions and activities on his own, absent a legal finding of incompetence.

10. Based on all the evidence presented at the hearing on March 4, 2008, the Court finds that the delivery of the title to the [Corvette] to [Ogle] constitutes a gift and that no more than delivery of the title was required to constitute a delivery. The vehicle is not an asset of the estate and is the personal property of [Ogle], individually.

(App. 18–20).

## DECISION

1. *Applicability of Indiana Code Section 29–1–14–17*

Heaphy asserts that the trial court erred by failing to apply Indiana Code section 29–1–14–17. She argues this section specifically required the trial court to appoint a special representative and required Ogle to submit an affidavit as he knew "that his claim as to the Corvette would be adverse to the estate. . . ." Heaphy's Br. at 4.

Generally, "a party may not present an argument or issue to an appellate court unless the party raised that argument or issue to the trial court." *GKC Indiana Theatres, Inc. v. Elk Retail Investors, LLC.*, 764 N.E.2d 647, 651 (Ind. Ct.App.2002). Failure to raise an issue before the trial court will result in waiver of that issue. *Van Winkle v. Nash*, 761 N.E.2d 856, 859 (Ind.Ct.App.2002).

Here, Heaphy did not object to the lack of an affidavit or special personal representative; further, she did not raise this issue before the trial court. Thus, she has waived this issue for appellate review. Waiver notwithstanding, Heaphy's argument fails.

Indiana Code section 29–1–14–17 provides, in part, as follows:

> Whenever a claim in favor of a personal representative against the estate the personal representative represents that accrued before the death of the decedent is filed against an estate, with the affidavit of the claimant attached, the claim shall not be acted upon by the personal representative unless all interested persons who would be affected by the allowance of the claim consent in writing to it. If all interested persons do not consent to the payment of that claim, the judge shall appoint a special personal representative who shall examine the nature of the claim.

The term "claim," as used in chapter 14, "refers to 'a debt or demand of a pecuniary nature which could have been enforced against the decedent in his lifetime and could have been reduced to a simple money judgment.'" *Cardwell v. Estate of Kirkendall*, 712 N.E.2d 1047, 1049 (Ind.Ct.App.1999) (quoting *Matter of Williams' Estate*, 398 N.E.2d 1368, 1370 (Ind.Ct.App.1980)). "In essence, a claim is an amount for which the decedent was indebted to another and if paid during his lifetime would have reduced the decedent's lifetime assets." *Keenan v. Butler*, 869 N.E.2d 1284, 1288 (Ind.Ct.App.2007).

Ogle does not assert a debt or demand that could have been enforced against Terry in his lifetime or could have been reduced to a money judgment prior to Terry's death. Rather, Ogle's petition asserts that Terry made a gift of the Corvette to him, thereby passing ownership of the Corvette to him outside of the Estate. Thus, he seeks a declaratory judgment against the Estate as to who owns the Corvette. Accordingly, his petition is not a "claim" under Indiana Code section 29–1–14–17. We therefore find no error in not requiring an affidavit or appointing a special personal representative.

### 2. *Inter Vivos Gift*

Heaphy also contends that the trial court erred in finding that Terry made an inter vivos gift of the Corvette as there was no delivery of the title or the Corvette. We disagree.

The trial court entered findings in favor of Ogle, who had the burden of proof. Heaphy, therefore, appeals an adverse judgment. *See Romine v. Gagle*, 782 N.E.2d 369, 376 (Ind.Ct.App.2003) ("A negative judgment is one that was entered against a party bearing the burden of proof; an adverse judgment is one that was entered against a party defending on a given question, i.e., one that did not bear the burden of proof."), *trans. denied.*

> When the trial court enters findings in favor of the party bearing the burden of proof, the findings are clearly erroneous if they are not supported by substantial evidence of probative value. Moreover, we will reverse such a judgment even where we find substantial supporting evidence, if we are left with a definite and firm conviction a mistake has been made.

*Id.* (citations omitted). "In determining whether the findings of fact are clearly erroneous, we will neither reweigh the evidence nor determine the credibility of the witnesses." *In re Estate of Warman*, 682 N.E.2d 557, 563 (Ind.Ct.App.1997), *trans. denied.*

An inter vivos gift "is one by which the donee becomes in the lifetime of

the donor the absolute owner of the thing given." *Shourek v. Stirling,* 652 N.E.2d 865, 867 (Ind.Ct.App.1995). A valid inter vivos gift occurs when: "(1) the donor intends to make a gift; (2) the gift is completed with nothing left undone; (3) the property is delivered by the donor and accepted by the donee; and (4) the gift is immediate and absolute." *Fowler v. Perry,* 830 N.E.2d 97, 105 (Ind.Ct.App.2005). "The donor must intend to part irrevocably with absolute title and control of the thing given at the time of making the gift." *Hopping v. Wood,* 526 N.E.2d 1205, 1207 (Ind.Ct.App.1988), *trans. denied.* "The donor's intent is generally a question of fact for the trial court." *Warman,* 682 N.E.2d at 563.

 "Delivery is an indispensable requirement without which a gift fails, regardless of the consequences." *Hopping,* 526 N.E.2d at 1207. Title does not pass to the donee if there is no delivery. *See id.* However, "it is not necessary that there should always be a manual transfer of the thing given." *Id.* "It will be sufficient if the delivery be as complete as the thing and the circumstances of the parties will permit." *Id.* Delivery may be actual, constructive or symbolic. *Lewis v. Burke,* 248 Ind. 297, 226 N.E.2d 332, 336 (1967).

 In this case, Ogle testified that Terry signed and delivered the Corvette's title to him prior to Terry's death. Ogle believed that Terry wanted him to finish restoring the Corvette. Heaphy testified that she was present during this transaction. Hogan testified that she witnessed

Terry hand a title to Ogle after he appeared to sign it.[1]

Given the evidence, we cannot say the trial court's finding that Terry made an inter vivos gift to Ogle is clearly erroneous. In essence, Heaphy is asking this court to reweigh the evidence and find in her favor, which we cannot do.

3. *Breach of Fiduciary Duty*

 Heaphy finally argues that Ogle breached his fiduciary duty as personal representative "by delaying his claim of the inter vivos gift until after the death of [Terry] when the heirs can no longer confirm or corroborate the alleged gift." Heaphy's Br. at 6. Thus, she argues Ogle "holds the Corvette and title in trust for the distributees of the estate." *Id.* at 8.

Again, "a party may not present an argument or issue to an appellate court unless the party raised that argument or issue to the trial court." *GKC Indiana Theatres, Inc. v. Elk Retail Investors, LLC.,* 764 N.E.2d 647, 651 (Ind.Ct.App. 2002). Failure to raise an issue before the trial court will result in waiver of that issue. *Van Winkle v. Nash,* 761 N.E.2d 856, 859 (Ind.Ct.App.2002). Heaphy did not raise this issue before the trial court.

 Waiver notwithstanding, Heaphy's argument that Ogle's fiduciary duty as executor arose prior to Terry's death fails. "It cannot be heard to be said that the testator's naming of an Executor under his will in and of itself clothes the Executor

---

1. Citing to her testimony in the transcript, Heaphy argues that "[a]s there were multiple titles ... [and] Hogan did not identify the tile Ogle received as being the title to a 1957 Corvette," it cannot be determined that Terry signed the title to the Corvette. Heaphy's Reply Br. at 2. Heaphy testified as follows:
 Q. Did there come a time when your father signed the titles to the car?
 A. Yes.
 Q. Were you present?
 A. Yes.
 (Tr. 20). The preceding testimony does not support clearly Heaphy's assertions that there were multiple vehicles or titles signed by Terry on the date in question.

with any rights, duties or powers." *In re Workman's Estate*, 147 Ind.App. 523, 262 N.E.2d 408, 411 (Ind.Ct.App.1970). Rather,

> [i]t is only when the will has been duly probated in a court of competent jurisdiction and the designated Executor appears and has the requisite qualifications under our statute and then qualifies as such Executor by taking and subscribing to his oath as such ... that the named Executor becomes the Executor in fact and is an officer of the court and has the responsibility of caring for the assets of the estate along with the other attendant responsibilities.

*Id.* We therefore cannot say that Ogle breached his fiduciary duty to the estate by not claiming the Corvette as a gift prior to Terry's death.

Affirmed.

FRIEDLANDER, J., and BARNES, J., concur.